Jorge I. ROSSO and Carmen Rosso, Plaintiffs,

v.

The COMMONWEALTH OF PUERTO RICO et al., Defendants.

Civ. No. 7–64.

United States District Court
D. Puerto Rico.

March 3, 1964.

As Amended March 5, 1964.

Rico, San Juan Part, against plaintiffs' land, at the request of the Puerto Rico Land Administration, a public Corporation of the Commonwealth of Puerto Rico, created by the Act of May 16, 1962, for the express public purpose, so stated by the Legislature, of creating a land reserve with which to avoid the evil of inflation on this island, which encompasses a very small area indeed.

At the time the complaint was filed in the Superior Court, estimated just compensation of $1,381,676.00 was deposited in the Registry of the Commonwealth Court, and a Declaration of Taking was filed pursuant to which an Order was entered by the Court vesting title to the property in the Commonwealth of Puerto Rico. A stay of delivery was obtained by the landowners pending decision of a motion seeking disqualification of the judge then sitting in the action.

On January 11, 1964, the landowners filed a complaint in this court alleging that Act No. 13 on which the condemnation proceeding in the Commonwealth court was based, violates Section 731 et seq. of Title 48 U.S.C.A.; provides for the taking of private property for a "non-public" purpose; unconstitutionally and illegally fails to provide for just compensation for the taking of private property; constitutes an unconstitutional, illegal, and improper delegation of legislative powers; is an unconstitutional use of eminent domain for the purpose of controlling the price of land in Puerto Rico; is an unconstitutional use of eminent domain for the purpose of controlling all or a major part of the land in Puerto Rico; unconstitutionally and illegally provides for the expenditures of public funds for private purposes and uses; unconstitutionally and illegally provides for the taking of private property for private purposes and uses; unconstitutionally and illegally purports to empower the said Land Administration to possess and control all or a major part of the land in Puerto Rico; unconstitutionally and illegally purports to empower the said Land Administration to condemn and appropriate going busi-

Enrique Córdova-Diaz, San Juan, P. R., Victor M. Sánchez-Fernández, Yamil Galib-Frangie, Santurce, P. R., Jaime Garcia-Blanco, San Juan, P. R., James B. Donovan, James M. Fitzsimons, New York City, for plaintiffs.

Hiram R. Cancio, Atty. Gen., for Com. of Puerto Rico, Dept. of Justice, San Juan, P. R., Arturo Estrella, Asst. Atty. Gen., for Com. of Puerto Rico, for defendants.

RUIZ-NAZARIO, Chief Judge.

Plaintiffs are the owners of certain lands and improvements thereon situate in the municipalities of Guaynabo, and Bayamón, Puerto Rico. On December 5, 1963, the Commonwealth of Puerto Rico, represented by the Governor of Puerto Rico, instituted condemnation proceedings in the Superior Court of Puerto

nesses of private persons under the purported right of eminent domain; and is unconstitutional and illegal for vagueness.

The Complaint ends with the following prayer:

"WHEREFORE, the plaintiffs respectfully pray for a judgment of this Court declaring that the said Act No. 13, and all proceedings and actions taken and threatened to be taken thereunder, violate the laws and Constitution of the United States, particularly the FIFTH and FOURTEENTH Amendments of said Constitution, and the Constitution of Puerto Rico, and that the defendants be restrained and enjoined from enforcing and proceeding under said Act No. 13, and from proceeding further with any acts in aid of the said illegal and unconstitutional expropriation of the property rights and lands of the plaintiffs as herein stated."

On the Complaint and annexed affidavits this Court issued an Order to Show Cause why a preliminary injunction should not be issued.

Defendants answered said order to show cause, praying that the application for a preliminary injunction be denied, and that the action be dismissed. This request of the defendants must be granted.

## I

Defendants have raised several questions in their answer, the most important being the express, historic prohibition contained in 28 U.S.C.A. § 2283, which reads as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Plaintiffs seek to avoid the plain prohibition of Sec. 2283 by arguing that, (a) this court, at this stage of the proceeding, can only convene a three-judge court to decide the constitutional issues they raise, as provided by Sec. 2284 of Title 28 U.S.C.A., and grant a temporary restraining order, (b) and that despite Sec. 2283 the Federal Courts have indeed exercised equity jurisdiction in State condemnation proceedings. And that in any event, this court is fettered by the three judge provisions of Sec. 2284, and cannot, once constitutional questions are raised, do anything but "notify the Chief Judge of this Circuit of the application for a permanent injunction in this case."

The short answer to the request for a three-judge court is that the court is under no duty to convene a three judge court when no claim for relief cognizable in a federal court is stated in the complaint. In Jacobs v. Tawes, 250 F.2d (4th Cir. 1957) 611, Parker, C. J., stated as follows:

"Appellant contends, however, that the District Judge was without jurisdiction to dismiss the case, arguing that, since a court of three judges was required for the hearing of the application for injunction, a single judge had no jurisdiction to take any action in the case and, because of the provisions of 28 U.S.C. § 2284(5), might not dismiss it, even though no claim for relief cognizable in a federal court was stated in the complaint. We think that this contention is entirely without merit. The court of three judges is not a different court from the District Court, but is the District Court composed of two additional judges sitting with the single District Judge before whom the application for injunction has been made. 28 U.S.C. § 2284(1). The purpose of the requirement of three judges for the hearing of such a case is to prevent the improvident invalidation of state legislation by action of a single judge. Phillips v. United States, 312 U.S. 246, 248–251, 61 S.Ct. 480, 85 L.Ed. 800. The presence of the two additional judges is not required where no substantial question as to the validity of the state legislation is involved. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152;

Davis v. County School Board of Prince Edward County, D.C., 142 F.Supp. 616. The same is held where no basis for injunctive relief is asserted. Linehan v. Waterfront Commission of New York Harbor, D.C., 116 F.Supp. 401 (a case decided after the enactment of 28 U.S.C. § 2284). A fortiori, it is not required that the additional judges be summoned, when, as here, it appears from the complaint itself that the case is not one within the jurisdiction of the court. Such a case is manifestly not one 'required by Act of Congress to be heard and determined by a district court of three judges' within the language of 28 U.S.C. § 2284. As said in Ex parte Poresky, supra, " * * * the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction.'

"The rule laid down in Ex parte Poresky, supra, has not been changed by anything contained in 28 U.S.C. § 2284. That section was enacted to codify and clarify the practice with respect to the composition of and procedure before courts of three judges. Subsection 5 of the section was manifestly intended to regulate procedure after the court of three judges had been constituted, not to abrogate the salutary rule that the judge before whom the action was brought may dismiss it if the complaint does not state a case within the jurisdiction of the District Court. In the case of Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735, 737, which was decided after the enactment of 28 U.S.C. § 2284(5), the Court of Appeals of the Ninth Circuit sustained the dismissal by a single District Judge, before a court of three judges had been constituted, of a petition for an injunction against the enforcement of an act of Congress. The opinion in the case was written by Judge Driver, a member of the Supreme Court's committee on Rules of Civil Procedure, who used the following language of peculiar pertinency to the case before us, viz.:

" 'The only statutory basis for jurisdiction in the District Court cited by appellant, either in his petition or his brief on appeal, consists of Sections 2282 and 2284 of Title 28 U.S.C.A. The cited sections are not jurisdictional but procedural. They provide that in certain circumstances a District Court must consist of three judges. Necessarily they assume jurisdiction in the court under some other statutory provision. In order for a District Court to have jurisdiction in a case arising under them, there must be both a substantial federal question and the jurisdictional minimum amount in controversy.

\* \* \* \* \* \*

" 'Appellant's petition in the District Court does not contain any allegation whatsoever of any amount in controversy. The omission is fatal if the petition is to be taken for what it purports to be, namely, an application for injunction and declaratory relief in a civil action arising under the Constitution and laws of the United States.' "

"As we have frequently pointed out, statutes should be construed to avoid absurd consequences, as Congress must be presumed not to have intended what was absurd; and it would certainly be absurd to require that, in a case of which the court manifestly lacks jurisdiction, the District Judge must notify the Chief Judge of the Circuit to call in two additional judges, the Chief Judge must call them in and all the cumbersome machinery of a court of three judges must be set in motion merely to dismiss the case. If the single District Judge in dismissing the case for lack of jurisdiction commits error, the error can be corrected by appeal to the Court of Appeals with-

out burdening the Supreme Court with a direct appeal.

"Our conclusion is that 28 U.S.C. § 2281 requires a hearing before a District Court of three judges as a prerequisite to the granting of an injunction, not as a prerequisite to dismissing the case when the District Court clearly lacks jurisdiction, and that 28 U.S.C. § 2284(5) forbids dismissal by a single judge only after a court of three judges has been constituted and the procedure applicable to proceedings before the three judges becomes applicable."

In State of Georgia v. City of Chattanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796, the State of Georgia filed an original bill of complaint in the Supreme Court in a suit against the City of Chattanooga to enjoin it from appropriating for street purposes certain lands constituting a part of a railroad yard which the State owned in Chattanooga. After stating that the bill would be dismissed for want of equity, the Court held the following (264 U.S. at p. 483, 44 S. Ct. at p. 371, 68 L.Ed. 796):

"There is such a want of equity that the bill will be dismissed. The lack of opportunity to be heard before the passage of the ordinance opening the street furnishes no ground for complaint. The taking is a legislative and not a judicial function, and an opportunity to be heard in advance need not be given. Bragg v. Weaver, 251 U.S. 57, 58 [40 S.Ct. 62, 64 L.Ed. 135]. Personal service upon the owner is not essential; publication of notice is sufficient. Bragg v. Weaver, supra, [251 U.S.] 59, 61 [40 S.Ct. 63, 64, 64 L.Ed. 135]. No complaint is made that the laws of Tennessee do not afford the State of Georgia and other owners reasonable notice and opportunity to be heard before the final determination of judicial questions that may be involved in the condemnation proceedings, e. g., whether the State has delegated to the city the power to condemn; whether the taking is for a public purpose; (Rindge Co. v. Los Angeles [County], 262 U.S. 700, 705 [43 S.Ct. 689, 67 L.Ed. 1186]; Hairston v. Danville & Western Ry. Co., 208 U.S. 598, 606 [28 S.Ct. 331, 52 L.Ed. 637]) and the amount of the compensation. Seaboard Air Line Ry. Co. v. United States, 261 U.S. 299, 304 [43 S.Ct. 354, 67 L.Ed. 664]. Georgia has been given notice and has the right voluntarily to appear. See Clark v. Barnard, 108 U.S. 436, 447 [2 S.Ct. 878, 27 L.Ed. 780]. All its objections and defenses may be interposed in the Tennessee court. It appears on the face of the bill of complaint that, if it so elects, Georgia has a plain, adequate and complete remedy in the condemnation proceedings instituted by the city."

An examination of the complaint in the present action fails to show that the laws of Puerto Rico do not afford Mr. and Mrs. Rosso and other owners reasonable notice and opportunity to be heard before the final determination of judicial questions that may be involved in the condemnation proceedings, e. g. whether the taking is for a public purpose; and the amount of the compensation. Their defenses in connection with constitutional questions not only may be, they have in fact been raised in the Commonwealth Court, where they contend that the taking of their land is illegal. So adequate indeed is the remedy there that they have obtained a stay of delivery of possession while the question of illegality is being considered by the local Court, which invoked, in its order granting the stay, Porto Rico Tel. Co. v. Puerto Rico Communications Authority, (1 Cir. 1951) 189 F.2d 39. Cert. Den. 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628. In the same order the Court fixed a date for the hearing of the case on the merits. Clearly plaintiffs' complaint is absolutely devoid of equity under the standards of adequacy of remedy set up in State of Georgia v. City of Chattanooga, supra. It is apparent that, wanting equity, this

District Court, whether composed of one or three judges could take no other action but to deny the application for a preliminary injunction and the request for a three judge Court for failure to state a claim for relief cognizable in a federal court.

## II

■ The above reasons alone compel a denial of injunctive relief and the convening of a three judge Court, under general principles of equity. An even more compelling reason, however, is the statutory prohibition of Sec. 2283 upon which defendants rely. The scope and philosophy of this section is fully discussed in Collins v. Laclede Gas Company, (8 Cir. 1956) 237 F.2d 633, at page 636:

"The statute in its present form was enacted in 1948 and in 1955 the Supreme Court of the United States in Amalgamated Clothing Workers of America v. Richman Brothers Co., 348 U.S. 511, 75 S.Ct. 452, 454, 99 L.Ed. 600, had occasion to consider the very contention now urged by plaintiffs in this case. In the course of the opinion it is said, inter alia:

" 'We need not re-examine the series of decisions, prior to the enactment of Title 28 of the United States Code in 1948, which appeared to recognize implied exceptions to the historic prohibition against federal interference with state judicial proceedings. See Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. By that enactment, Congress made clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation. * * *

\* \* \* \* \* \*

" '\* * * This is not a statute conveying a broad general policy for appropriate ad hoc application.

Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions.'

"This court has had occasion to consider the question in the following cases: Evans v. St. Louis Housing Authority, 8 Cir., 226 F.2d 750; Norwood v. Parenteau, 8 Cir., 228 F. 2d 148; and National Labor Relations Board v. Swift & Co., 8 Cir., 233 F.2d 226, 230. In National Labor Relations Board v. Swift & Co., supra, answering the contention that the exceptions contained in the statute might be supplemented by implied or judicial exception we said:

" 'The history, purpose, and construction of section 2283 are fully considered by the Supreme Court in the Richman case, supra. The Court states that this enactment revised as well as codified its predecessor, former section 265 of the Judicial Code, and that by the enactment of section 2283 Congress "made clear beyond cavil that the prohibition is not to be whittled away by judicial improvisation." '

" 'Hence, decisions under the predecessor statute which appear to recognize implied exceptions to the statutory prohibition need not be considered.' * * *

"*As the plaintiffs have not brought their case within any of the statutory exceptions to the prohibition contained in Section 2283, Title 28 U.S.C.A., we think this fatal to their right to relief and we pretermit any consideration of the other questions ably briefed and argued by counsel for the respective parties.*" (Emphasis supplied)

It is thus clear that the injunctive relief sought is not grantable by a federal district court whether composed of one or three judges.[1]

---

1. The parties have in their briefs, explored the question of federal injunctions against state bonds and officers, and the abstention doctrine which now seems to be losing favor. (see England v. Louisiana

State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). The cases cited, however cannot control decisions of a section 2283 situation which refers to proceedings in

The application for preliminary injunction, and the convening of a three judge Court is therefore denied.

### III

■ The considerations which have persuaded me to deny the injunctive relief requested are persuasive that relief by way of declaratory judgment may likewise be withheld in the sound discretion of the Court. "Called upon to adjudicate what is essentially an equitable cause of action, the district court was as free as in any other suit in equity to grant or withhold the relief prayed, upon equitable grounds. The Declaratory Judgments Act was not devised to deprive courts of their equity powers or of their freedom to withhold relief upon established equity principles. It only provided a new form of procedure for the adjudication of rights in conformity to those principles," Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

It is the domestic policy of the Commonwealth of Puerto Rico, and its sovereign right of eminent domain which is being attacked here. Plaintiffs have raised their constitutional objections in the Commonwealth Court, which has granted them a stay of surrender while the questions raised here are decided there. As said in Matthews v. Rodgers, 284 U.S. 521 quoted, at p. 525, 52 S.Ct. 217, at p. 219, 76 L.Ed. 447, with approval in the Great Lakes case:

"The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved."

In the exercise of my sound discretion I must deny relief by way of declaratory judgment and the action is therefore dismissed.

a court, not a board, commission, or officer. None of the following involved a stay of a state court proceeding: Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281; Doud v. Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577; Florida Lime and Avocado Growers Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed. 2d 568; Idlewild Bon Voyage Liquor Corporation v. Rohan, 2 Cir., 289 F.2d 426; Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762,

and many others. Another class of cases is where federal courts have entertained actions in connection with state eminent domain proceedings. There is of course, no doubt that in *diversity cases*, the federal court has and must exercise jurisdiction in eminent domain proceedings when that jurisdiction is properly invoked, as in Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 79 S.Ct. 1060, 3 L. Ed.2d 1163.