**DUTY FREE SHOP, INC., Plaintiff,**

v.

**ADMINISTRACION DE TERRENOS DE PUERTO RICO, Defendant.**

Civ. No. 88–1795 (JP).

United States District Court,
D. Puerto Rico.

Feb. 28, 1989.

Raúl E. González Diaz, González, Bennazar & Colorado, Hato Rey, P.R., for plaintiff.

Juan Rafael González Muñoz, Federal Litigations Div., Dept. of Justice, San Juan, P.R., for defendant.

OPINION AND ORDER

PIERAS, District Judge.

Plaintiff filed this action in federal court on October 24, 1988, to enjoin an eminent domain proceeding against it in Superior Court of Puerto Rico. Plaintiff alleges that the proposed taking violates its rights under the fifth amendment of the U.S. Constitution [1] in that the property is to be held in "reserve" for future public use. The state court action was filed on June 1, 1988, and was, by plaintiff's admission, "in extremely advanced stages" by mid-December. (*See* plaintiff's "Memorandum in Support of Motion to Stay Proceedings," filed December 12, 1988, at 9).

On December 12, 1988, plaintiff requested an order from this Court staying the proceedings in Superior Court. This was summarily denied on December 12, pursuant to 28 U.S.C. § 2283 (the "Anti-Injunc-

---

**1.** In paragraph 1 of the "Wherefore" section of its complaint, plaintiff alleges that it is the due process clause of the fifth amendment which is violated. It seems clear to the court that plaintiff's contention about the unconstitutionality of a compensated taking, upon a judicial hearing, "for a future and undetermined public use," is that it violates not the due process clause but the "public use" moiety of the takings clause ("nor shall private property be taken for public use, without just compensation").

tion Act"), see *Garcia v. Bauzá–Salas,* 862 F.2d 905, 909 (1st Cir.1988); *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 197–98, 79 S.Ct. 1060, 1067–68 3 L.Ed.2d 1163 (1959), at which time the Court *sua sponte* directed the parties to file briefs on the issue of abstention. After careful consideration of the issues, this Court deems it proper to abstain and allow the Commonwealth courts to resolve the matter.

In *Younger v. Harris,* 401 U.S. 37 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court, in deference to the right of a state to enforce its laws in its own courts, held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit" except upon a "showing of bad faith, harrassment, or any other unusual circumstance that would call for equitable relief." *Id.* at 54, 91 S.Ct. at 755. This doctrine was extended to certain civil actions brought by the state in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), and *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982) (*Younger* "fully applicable to non-criminal judicial proceedings when important state interests are involved").

The Supreme Court has not specifically addressed whether pending eminent domain proceedings fall within the class of civil cases covered by the *Younger* doctrine. It did, however, imply in *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 237–39, 104 S.Ct. 2321, 2327–28, 81 L.Ed.2d 186 (1984) that the pendency of such actions in state court may render abstention proper. In that case, the 9th Circuit's Judge Ferguson, dissenting in the lower court's opinion, would have held that *Younger* abstention was required "since important state interests are involved in the implementation of a state's land use policy." *Midkiff v. Tom,* 702 F.2d 788, 811 (9th Cir.1983) (Ferguson, J., dissenting). The Supreme Court, apparently agreeing, instead, with Judge Poole's concurrence,

*Id.* at 801–03, which would have called for abstention except for the timing of the actions and a procedural default, held that "*Younger* abstention is required ... only when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in the federal court,'" 467 U.S. at 237–38, 104 S.Ct. at 2327–28, *quoting Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2292, 45 L.Ed. 2d 223 (1975). In *Midkiff,* the federal action had been filed first. In the case now before the Court, the state court action was filed nearly five months prior to the filing in federal court and had proceeded to "extremely advanced stages" by the time the federal case was filed.

Although the Supreme Court did not *specifically* address the merits of *Younger* abstention in eminent domain cases, its action in *Midkiff* of denying abstention solely on the grounds that is not required [2] when the federal action is the first filed strongly suggests the applicability of the doctrine in the proper circumstances to eminent domain cases.

In addition, several lower courts, including this Court, have recognized the applicability of *Younger* abstention to eminent domain cases. In *Rosso v. Commonwealth of Puerto Rico,* 226 F.Supp. 688, 692 (D.C. P.R.1964), a case with facts virtually identical to those of the case at bar (a constitutional challenge to a Puerto Rico eminent domain proceeding taking land for reserve use), the federal court dismissed the action for want of equity, noting that all of the federal plaintiffs' defenses could be raised in the state proceeding and stating that "it is the domestic policy of the Commonwealth of Puerto Rico, and its sovereign right of eminent domain which is being attacked here." *Id.* at 694. Although *Rosso* was decided before *Younger,* it is clear that the rationale of *Younger* was the basis for the holding.

In *Ahrensfeld v. Stephens,* 528 F.2d 193, 198 (7th Cir.1975), the Seventh Circuit held

---

**2.** "Where a case is properly within [the *Younger*] class of cases, there is no discretion to grant injunctive relief." *Colorado River Water Cons.* *Dist. v. United States,* 424 U.S. 800, 816 n. 22, 96 S.Ct. 1236, 1246 n. 22, 47 L.Ed.2d 483 (1976).

specifically that *Younger* applies in the eminent domain context, noting that "this respect and concern [for principles of equity, comity, and federalism] arises clearly in relation to a state's eminent domain system." The court stated:

Illinois eminent domain procedure allows condemnees to question the public nature of the taking and to raise other defenses in the form of a "traverse" or motion to dismiss the condemnor's petition. Since plaintiffs may raise the crux of their federal constitutional claims in the pending state proceedings, federal court intervention is unnecessary. It would be inappropriate for us or the district court below to assume that the Illinois courts would refuse to consider plaintiffs' federal constitutional claims once they were properly raised in those proceedings.

Furthermore, we believe that the mere existence of a federal constitutional attack on an eminent domain proceeding of the state should not be grounds for a district court's decision not to abstain. Since there is a "possibility of a federal question in every taking by eminent domain under state authority," Nichols, Law of Eminent Domain, § 413(2) (1973), such a factor would nearly always preclude abstention in this type of case.

Plaintiffs have the state courts of Illinois with its appellate system at their disposal for the adjudication of their federal constitutional claims. If the Illinois Supreme Court should deny them "any rights secured to [them] by the Constitution and laws of the United States," the case may be brought to the Supreme Court of the United States for reexamination and review.

*Id.* at 199 (citations omitted).

This course has been followed by other courts as well. *See e.g., Sorger v. Philadelphia Redevelopment Authority,* 401 F.Supp. 348, 353-54 (E.D.Pa.1975); *Forest Hills Util. Co. v. City of Heath,* 539 F.2d 592, 596 (6th Cir.1976); *Campbell v. City*

*of Phoenix,* 1983-2 Trade Cases ¶ 65,753, 1983 WL 2197, * 4 (D.Ariz.1983). The only case to hold *Younger* inapplicable to eminent domain proceedings, *Joiner v. City of Dallas,* 380 F.Supp. 754 (N.D.Tex.1974), *aff'd. mem.* 419 U.S. 1042, 95 S.Ct. 614, 42 L.Ed.2d 637 (1975), was decided before *Younger* was extended to civil cases. *Id.* at 759.

Thus, this Court must abstain on the basis of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and dismiss this action.[3] As this court said upon summarily denying the requested preliminary injunction, "Plaintiff's remedy is to raise its defense in state court and appeal to the U.S. Supreme Court if necessary." *See also Martin v. Creasy,* 360 U.S. 219, 225, 79 S.Ct. 1034, 1037, 3 L.Ed.2d 1186 (1959) ("If, after all is said and done in the Pennsylvania courts, any of the plaintiffs believe that the Commonwealth has deprived them of their property without due process of law, this Court [i.e. the Supreme Court] will be here.")

For the foregoing reasons, this case is DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

**3.** Abstention based on, *inter alia, Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is also required. *See Martin v. Creasy,* 360 U.S. 219, 79 S.Ct. 1034, 3 L.Ed.2d

1186 (1959); *Louisiana Power & Light Co. v. Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959).