**DUTY FREE SHOP, INC.,**
**Plaintiff, Appellant,**

v.

**ADMINISTRACION DE TERRENOS DE PUERTO RICO, Defendant,**
**Appellee.**

No. 89–1390.

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1989.

Decided Nov. 20, 1989.

Pedro E. Ortiz–Alvarez, with whom, Raul E. Gonzalez Diaz, Emilio F. Soler and Gonzalez, Bennazar & Colorado, Hato Rey, P.R., were on brief, for plaintiff, appellant.

Jorge E. Perez–Diaz, Sol. Gen., with whom Vannessa Ramirez, Asst. Sol. Gen., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

* Of the Second Circuit, sitting by designation.

BREYER, Circuit Judge.

On June 1, 1988, the Land Administration of the Commonwealth of Puerto Rico (the "Commonwealth") filed papers in the Superior Court of Puerto Rico, seeking to "expropriate" property owned by Duty Free Shop, Inc. ("Duty Free"), under its powers of eminent domain. After receiving an answer, various motions, responses, and after making certain preliminary determinations, the Superior Court set a hearing for October 27, 1988 on Duty Free's defenses that claimed the expropriation was unlawful. Three days before the hearing, Duty Free filed this action in federal district court, seeking declaratory relief, an injunction against the Commonwealth, an order forbidding the Superior Court to proceed further, and damages—all based on Duty Free's claim that Puerto Rico's law of eminent domain violates the federal Constitution's Fifth Amendment. The district court, 708 F.Supp. 468 (1989) dismissed the complaint on the authority of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). After considering Duty Free's arguments on this appeal, we are convinced that the district court was correct, and we affirm its dismissal.

The particular form of "abstention" known as "*Younger* abstention" arises out of the federal courts' hesitance to interfere with a state's good faith efforts to enforce its own law in its own courts. *See generally* 17A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* 2d §§ 4251–4255 (1988 & Supp.1989) (discussing abstention under the *Younger* line of cases). (For a discussion of other kinds of federal court abstention, see *Bath Memorial Hospital v. Maine Health Care Finance Comm'n*, 853 F.2d 1007, 1012–16 (1st Cir.1988).) In *Younger*, the Supreme Court held that a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except upon a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 53–54, 91 S.Ct. at 754–55. In later cases, the Court has held that the *Younger* doctrine is "fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *see Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604–05, 95 S.Ct. 1200, 1208–09, 43 L.Ed.2d 482 (1975). The lower courts have held unanimously, since 1975, that this category includes eminent domain proceedings. *See, e.g., Ahrensfeld v. Stephens*, 528 F.2d 193, 198–99 (7th Cir.1975); *Dash v. Frech*, 1989 WL 75422, 1989 U.S. Dist. LEXIS 7771, *9 (N.D.Ill.1989); *Campbell v. City of Phoenix*, 1983–2 Trade Cases ¶ 65,753, at 69,838, 1983 WESTLAW 2197, *4 (D.Ariz.1983); *Schiessle v. Stephens*, 525 F.Supp. 763, 768–69 (N.D.Ill. 1981); *Sorger v. Philadelphia Redevelopment Authority*, 401 F.Supp. 348, 353–54 (E.D.Pa.1975). *But cf. Joiner v. City of Dallas*, 380 F.Supp. 754, 759–61 (N.D.Texas 1974) (per curiam), *aff'd mem.*, 419 U.S. 1042, 95 S.Ct. 614, 42 L.Ed.2d 637 (1975) (holding, before *Huffman* was decided, that *Younger* abstention was inapplicable to an eminent domain proceeding). And, the Supreme Court seems to have ratified this lower court view, at least by negative inference. *See Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237–39, 104 S.Ct. 2321, 2327–29, 81 L.Ed.2d 186 (1984) (holding that *Younger* abstention was *not* appropriate because eminent domain proceeding *had not yet begun* when plaintiffs began their federal court action). Since the Commonwealth began this eminent domain proceeding well before Duty Free brought its federal action, and since the Puerto Rico Superior Court seemed perfectly willing to hear Duty Free's federal claim, this would seem a classic case for *Younger* abstention.

In an effort to show that this case somehow falls outside the scope of the *Younger* doctrine, Duty Free makes three arguments. First, it says that it made an *England* reservation, that is, it told the Puerto Rico Superior Court (nine days before the scheduled hearing) that it wished to reserve its right to litigate its federal claim in

a federal forum. *See England v. Louisiana State Bd. of Medical Examiners,* 375 U.S. 411, 421, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964). Duty Free, however, misunderstands *England.* That case permits a plaintiff who files a case in federal court *before state proceedings begin* to tell the state court that it wishes to litigate its federal claim in that *federal* court; it thereby permits the *federal* court to engage in *Pullman* (not *Younger*) abstention, a form of abstention that permits the federal court, in effect, to ask a state court to clarify a murky question of *state* law involved in the case, while permitting the plaintiff to *return* to the federal forum for determination of the federal question after the state court has decided the issue of state law. *See id.;* 17A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* 2d § 4243, at 72–81 (1988 & Supp.1989). *England,* and its reservations, are not relevant here, in the *Younger* context, where the purpose of abstention is not clarification of state law, but reluctance to interfere with an ongoing state judicial proceeding.

Second, Duty Free argues that *Younger* does not apply to state eminent domain proceedings. But, the weight of authority, which we shall follow, indicates the contrary. *See* cases cited at p. 1182, *supra.*

Third, Duty Free argues that the Superior Court's proceedings do not offer it an adequate opportunity to raise its federal claim because the Supreme Court of Puerto Rico has already rejected similar arguments, which it found unconvincing. *See Commonwealth v. Rosso,* 95 P.R.R. 488, 527–28 (1967). The fact that state or Commonwealth courts may reject (or have rejected) arguments on the merits, however, does not mean those courts have deprived a plaintiff of the *opportunity* to make the argument. And, it is only where, for procedural or other reasons, the state courts deprive the plaintiff of such an *opportunity* that *Younger* does not apply. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1,

14–16, 107 S.Ct. 1519, 1527–28, 95 L.Ed.2d 1 (1987); *Moore v. Sims,* 442 U.S. 415, 430 & nn. 12, 13, 99 S.Ct. 2371, 2380 & nn. 12, 13, 60 L.Ed.2d 994 (1979); *Juidice v. Vail,* 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977); *Gerstein v. Pugh,* 420 U.S. 103, 108 n. 9, 95 S.Ct. 854, 860 n. 9, 43 L.Ed.2d 54 (1975). A party, suffering such rejection, may appeal its claim through the state system, eventually asking the United States Supreme Court to review the federal question that it believes the state erroneously decided; or, such a party, seeking a federal forum, may file its federal action *before* the state proceeding begins. But, that party, already engaged in a state proceeding, cannot ordinarily obtain a hearing in federal court on its federal claim simply because it believes the state will reject the claim on the merits. *See Ahrensfeld,* 528 F.2d at 198 (" '[W]e must assume that [the state court] would properly determine the merits of any federal issue properly presented to it.' ") (quoting *Cousins v. Wigoda,* 463 F.2d 603, 607 (7th Cir.1972)); *cf. Gibson v. Berryhill,* 411 U.S. 564, 575–79, 93 S.Ct. 1689, 1696–98, 36 L.Ed.2d 488 (1973) (*Younger* abstention not appropriate where plaintiffs proved state administrative board was biased by pecuniary interest and prejudgment).

Because we hold that *Younger* abstention was proper in this case, we need not consider whether, as the district court held, abstention was also mandated under the principles enunciated in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and related cases.

For these reasons the judgment of the district court is

*Affirmed.*