In the MATTER OF Jose Lebron ROSA, Maritza Moreira Gonzalez, Debtors–Appellants.

Civil No. 92–2512 (JP).
Bankruptcy No. 91–03136 (ESL).

United States District Court,
D. Puerto Rico.

May 23, 1996.

Luis A. Medina Torres, Hato Rey, PR, for Appellant.

Viviana Rodríguez Ortiz, Hato Rey, PR, for Appellee P.R. Justice Secretary.

Pedro J. Díaz García, Moreda & Moreda, San Juan, PR, for Appellee Melvin Rivera.

## *OPINION AND ORDER*

PIERAS, District Judge.

The Court has before it an appeal pursuant to 28 U.S.C. § 158(a) from an Order of the Bankruptcy Court denying debtors-appellants' request that the Puerto Rico Secretary of Justice and Superintendent of Police be enjoined from pursuing criminal proceedings against debtor José Lebrón Rosa. The issues before the Court are whether the Bankruptcy Court erred in not taking the factual allegations of the complaint as true for purposes of deciding a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6); whether the Bankruptcy Court erred in failing to give appellant a significant opportunity to respond before converting defendants' motion to dismiss to one for summary judgment pursuant to Rule 56; and whether the Bankruptcy Court erred in applying the wrong standard when deciding the motion to dismiss under Rule 56. After carefully reviewing the record and the arguments presented, the Bankruptcy Court's decision is hereby **AFFIRMED.**

## I. BACKGROUND

The following summary of facts is drawn principally from the Bankruptcy Court's Opinion and Order, dated September 25, 1992. Debtors petitioned for relief under Chapter 7 of the Bankruptcy Code on May 7, 1991. In the schedules accompanying their petition they included Melvin Rivera as an unsecured creditor in the amount of

$2,495.00; Rafael Atiles Crespo was listed as an unsecured creditor in the amount of $1,000.00. The Bankruptcy Court ordered debtors released from all of their dischargeable debts on September 19, 1991. That Order specifically stated:

All creditors whose debts are discharged by this order ... are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

On June 22, 1992, debtors filed an adversary proceeding in the Bankruptcy Court, seeking to preliminarily and permanently enjoin the Secretary of Justice of Puerto Rico, the Superintendent of Police of Puerto Rico, Melvin Rivera and Rafael Atiles Crespo from pursuing actions in the Commonwealth courts to collect from debtors. Debtors alleged that defendant Atiles Crespo filed a criminal complaint against him on August 29, 1991, for illegal appropriation of funds. Debtors argued that the complaint was actually filed to collect the debt owed to Atiles Crespo, which was subsequently discharged. As a result of Atiles Crespo's complaint, debtor Lebrón Rosa was arrested and summoned to appear before the District Court, San Juan Part, on July 10, 1992, for a preliminary hearing. Debtors also alleged that Rivera had a police officer cite Lebrón Rosa on June 19, 1992, to appear in Court for failure to pay his debt, which had already been discharged. With respect to the Secretary of Justice and the Superintendent of Police, debtors alleged that they engaged in a pattern of harassment of debtor in order to collect debts discharged in bankruptcy in violation of 11 U.S.C. §§ 524 and 727.

On July 6, 1992, debtors moved the Bankruptcy Court for a temporary restraining order. Debtors indicated that Lebrón Rosa had been summoned to appear before the District Court, San Juan Part, on July 10, 1992, for a preliminary hearing with respect to his alleged violation of Article 166 of the Puerto Rico Penal Code.[1] Debtors sought a temporary restraining order preventing all of the defendants named in the adversary proceeding from conducting the hearing.

The Bankruptcy Court scheduled a hearing on debtors' motion for a temporary restraining order for July 9, 1992. On the morning of the day of the scheduled hearing, the Secretary of Justice and the Superintendent of Police filed a motion to dismiss in which they requested that the Bankruptcy Court deny debtors' request for a temporary restraining order and/or a preliminary injunction. At the hearing, the Bankruptcy Court entered a bench order as follows:

The individual creditors, Rafael Atiles Crespo and Melvin Rivera are hereby enjoined from collecting the discharged debt either through civil or criminal proceedings. However, the request for a temporary restraining order against the Secretary of Justice and the Superintendent of Police is hereby denied. The government officials may prosecute the action if based upon an independent analysis of the facts they find that a criminal offense may be charged.

The Bankruptcy Court indicated that it would expand the bench ruling through a written Opinion and Order. On July 22, 1992, in response to debtor's expedited motion for extension and clarification of tempo-

---

1. Articles 165 and 166 of the Puerto Rico Penal Code, relating to crimes against property, state:

    **§ 4271. Unlawful appropriation**

    Any person who unlawfully appropriates, without violence or intimidation, personal property belonging to another person, shall be punished by imprisonment for a term not exceeding six months, a fine not exceeding five hundred dollars, the penalty of restitution, or any combination thereof, in the discretion of the court.

    **§ 4272. Aggravated unlawful appropriation**

    Any person committing the offense provided in section 4271 of this title shall be punished

by imprisonment for a fixed term of six (6) years whenever the following circumstances exist:

(a) ...

(b) Appropriating property the value of which amounts to two hundred dollars or more.

(c) ...

(d) ...

... The Court may impose the restitution penalty in addition to the established term of imprisonment, or both penalties.

P.R.Laws Ann. tit. 33, §§ 4271–4272 (1983).

rary restraining order, the Bankruptcy Court clarified its July 9, 1992, bench ruling to state that "Rafael Atiles Crespo and Melvin Rivera are enjoined from collecting a discharged debt, but are not enjoined from testifying in the criminal proceeding being prosecuted by the Commonwealth of P.R. officials."

On August 12, debtors replied to defendants' motion to dismiss and requested that the Bankruptcy Court order defendants to answer the complaint. On September 25, 1992, the Bankruptcy Court entered an Opinion and Order permanently enjoining creditors Rafael Atiles Crespo and Melvin Rivera from collecting their discharged debts through either civil or criminal proceedings. The Bankruptcy Court specified that the creditors were not precluded from testifying in any criminal proceeding as to their discharged debts but that they could not agree to drop criminal charges against debtors in exchange for payment of their discharged debts. Relying on *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Bankruptcy Court declined to enjoin the Secretary of Justice or the Superintendent of Police from proceeding with any criminal prosecution of debtor. The Bankruptcy Court found that the Secretary and the Superintendent were carrying out the criminal proceedings in good faith in their official capacities as officers of the Commonwealth of Puerto Rico, and noted that the purpose of bankruptcy is to protect individuals from financial, not moral, difficulty. A Judgment dismissing debtors' adversary proceeding followed on October 1, 1992.

## II. STANDARD OF REVIEW

■ The Bankruptcy Court's findings of fact shall be upheld unless clearly erroneous, F.R.B.P. § 8013, and its conclusions of law are reviewed de novo. *T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir. 1995). When the requirements of *Younger* are met, abstention is mandatory. *Brooks v. N.H. Supreme Court*, 80 F.3d 633, 636–37 (1st Cir.1996). This Court reviews de novo the essentially legal determination of whether the requirements for abstention under *Younger* have been met. *Id.*

## III. DISCUSSION

■ In its Opinion and Order, the Bankruptcy Court recognized that § 105 of the Bankruptcy Code granted it the power to issue an injunction, although such power was to be used sparingly. The Bankruptcy Court noted that *Younger* applies when a bankruptcy court is asked to enjoin state criminal proceedings against a debtor and analyzed defendants' motion to dismiss in this context. In their reply to defendants' motion to dismiss (Bank.Case No. 91–03136(ESL), Adversary No. 92–0088, docket No. 11), debtors conceded that *Younger* controlled but argued that defendants' motion to dismiss should be denied as premature. Debtors argued that an exception to *Younger* exists where state authorities have engaged in a pattern of harassment. Debtors asserted that for purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of the complaint are taken as admitted and since their complaint alleged with specificity a pattern of harassment, defendants motion to dismiss should be denied.

■ Appellants' amended statement of issues on appeal (docket No. 5) asserts that the Bankruptcy Court erred in not taking the factual allegations of the complaint as true for purposes of deciding a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6); in failing to give appellant a significant opportunity to respond before converting defendants' motion to dismiss to one for summary judgment pursuant to Rule 56; and in applying the wrong standard when deciding the motion to dismiss under Rule 56. Appellants misapprehend the nature of the Bankruptcy Court's dismissal. The Bankruptcy Court did not dismiss the adversary proceeding as to the Secretary and the Superintendent for failure to state a claim upon which relief could be granted. Nor was the dismissal based on a determination by the Bankruptcy Court that these defendants were entitled to a judgment on the merits as a matter of law. Dismissal under *Younger* is based on considerations of equity and comity. Erwin Chemerinsky, Federal Jurisdiction 625–30 (1989). It is not a decision on the merits. *See* 1 Fed.Proc., L.Ed. § 1:651 at 520 (1995).

As stated by the Court of Appeals for the Seventh Circuit:

> To say that [*Younger*] abstention is in order then is to say that federal courts should not address the merits, period. *Silence* by the federal court is the objective of abstention, the desirability of silence is the reason for abstention. When there is an ongoing state proceeding, whether to abstain is the *first* question, and an affirmative answer brings the case to an end.

*Greening v. Moran*, 953 F.2d 301, 304 (7th Cir.1992) (emphasis in original), *reh'g denied, cert. denied sub nom. Malany v. Moran*, 506 U.S. 824, 113 S.Ct. 77, 121 L.Ed.2d 42 (1992). The Bankruptcy Court never reached the issue of whether plaintiffs' complaint stated a valid cause of action against the Secretary and/or the Superintendent of Police or whether they were, as a matter of law, attempting to collect discharged debts in violation of the Bankruptcy Act, 11 U.S.C. § 101 et seq. It never reached these issues because it determined that *Younger* required it to abstain from exercising its jurisdiction with respect to these defendants and that appellants should present their allegations as a defense to the criminal case pending before the Puerto Rico court.

▮ "In *Younger v. Harris* (citation omitted), the Supreme Court, in deference to the right of a state to enforce its laws in its own courts, held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit" except upon a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Duty Free Shop, Inc. v. Admin. de Terrenos de P.R.*, 708 F.Supp. 468, 469 (D.P.R.1989) (citing *Younger*, 401 U.S. at 54, 91 S.Ct. at 756), *aff'd*, 889 F.2d 1181 (1st Cir.1989). Under the analytical framework governing *Younger* abstentions, a federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding, that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in the federal lawsuit. *Brooks*, 80 F.3d at 636–37,

639–40 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)). A federal court may intervene even if these three requirements are met if there is a showing of bad faith, harassment, or other extraordinary circumstance. *Brooks*, 80 F.3d at 639–40. The Supreme Court has stated, as an example of such extraordinary circumstance, a statute which is "flagrantly and·patently violative of express constitutional prohibitions in every clause, sentence and paragraph." *Younger*, 401 U.S. at 53, 91 S.Ct. at 755.

This Court applied the *Younger* analytical framework in *Robles–Pastrana v. Crespo Milian*, 729 F.Supp. 1412 (D.P.R.1990). *Robles–Pastrana* involved a 14–year old defendant being tried as an adult for first degree murder, robbery and violations of the Puerto Rico Weapons Law in the Puerto Rico District Court, Caguas Part, Investigations Section. Mr. Robles–Pastrana filed an action in federal court seeking declaratory and injunctive relief, alleging that the Puerto Rico laws that permitted the Commonwealth to try him as an adult were unconstitutional. This Court declined to intervene in the Commonwealth court proceeding, explaining that a plaintiff must show irreparable injury in accordance with traditional doctrines governing injunctive relief to justify federal intervention. *Id.* at 1415. The Court, citing *Younger*, stated that the mere inconvenience of having to defend against a criminal prosecution is not irreparable injury. The Court declined to consider plaintiff's claim that the challenged statutes were flagrantly and patently violative of express constitutional prohibitions, stating:

> [T]his Court need not address the merits of this argument because plaintiffs have failed to raise their federal constitutional challenges in the state criminal proceedings. In addition, they have failed to show that the criminal proceedings before the Puerto Rico Superior Court, do not provide the opportunity to raise Robles' federal constitutional claims (citation omitted). Plaintiff have an adequate remedy at law, namely, the presentation of their federal constitutional claims before the Superior Court. Therefore, under these circum-

stances, this Court must not intervene and enjoin the pending state criminal proceedings.

*Robles–Pastrana,* 729 F.Supp. at 1415.

■ The instant case meets the three requirements mandating *Younger* abstention. Plaintiff seeks to enjoin an ongoing state criminal proceeding, instituted prior to the federal adversary proceeding in the Bankruptcy Court. The enforcement of criminal laws undoubtedly implicates an important state interest. *Kelly v. Robinson,* 479 U.S. 36, 47, 107 S.Ct. 353, 360, 93 L.Ed.2d 216 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States"). Nor have debtors suggested that they are prevented from raising the claims advanced in the federal lawsuit as a defense to the Commonwealth criminal prosecution. Unless debtors showed that the instant action fell within one of the exceptions to the *Younger* doctrine, the Bankruptcy Court was required to dismiss the adversary proceeding as to the Secretary and the Superintendent of Police.

■ Debtors asserted that the criminal prosecutions then pending in the Commonwealth Court were brought in bad faith and/or constituted a pattern of harassment, thereby falling within the exceptions to *Younger.* We will not elaborate extensively on the Bankruptcy Court's well-reasoned opinion, which concluded that debtors had submitted no specific evidence that the Secretary or the Superintendent were prosecuting debtors in bad faith or for the sole purpose of collecting discharged debts. Debtors harness the following evidence in support of their contention: (1) prosecutors brought the criminal charges after the debts were discharged in bankruptcy; and (2) they agreed to drop the criminal charges if debtor Lebrón Rosa paid the amounts owed to the victims.

■ Like the plaintiffs in *Robles–Pastrana,* the mere inconvenience of having to defend against a criminal prosecution does not irreparably harm debtors. Furthermore, the motives of a complaining witness are not controlling for purposes of determining the bad faith of prosecutorial authorities. *Brinkman v. City of Edina,* 123 B.R. 318, 323

(Bankr.D.Minn.1991) ("Although compensation may have been one reason [complaining witness] filed the complaint, [his] intention is not controlling"). Nor is a prosecutor's offer to drop criminal charges if restitution is paid to the victim necessarily an attempt to collect discharged debts. *See, e.g., Berg v. Turow,* 172 B.R. 894, 899 (Bankr.E.D.Wis.1994); *Padgett v. Latham,* 37 B.R. 280, 284 (Bankr. W.D.Ky.1983); *United States v. Carson,* 669 F.2d 216 (5th Cir.1982); *Fussell v. Price,* 928 F.2d 712, 716 (5th Cir.1991), *cert. denied,* 502 U.S. 1107, 112 S.Ct. 1203, 117 L.Ed.2d 443 (1992). Restitution's primary focus is penal, not compensatory. Its fundamental goal is rehabilitation of the offender, not making the victim "whole." As stated by the Supreme Court:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion.

*Kelly,* 479 U.S. at 52, 107 S.Ct. at 362 (holding that criminal restitution orders imposed as a condition of probation are not dischargeable in proceedings under Chapter 7 of the Bankruptcy Code of 1978). Therefore, this Court will not presume that the Commonwealth prosecutors were attempting to collect discharged debts merely because they offered to drop the criminal charges if debtor paid restitution. We concur with the Bankruptcy Court's determination that debtors failed to provide evidence that the Commonwealth officials were acting in bad faith or were attempting to collect discharged debts. Absent bad faith or harassment, abstention was required under *Younger.*

## IV. CONCLUSION

This Bankruptcy Court did not err in dismissing the adversary proceeding as to the Secretary of Justice and the Superintendent of Police. The requirements for *Younger* abstention were present and debtors failed to show, in either the complaint or their reply to the motion to dismiss, that the instant case fell within the bad faith or harassment excep-

tions to the *Younger* doctrine. Debtors' remedy was "to raise [their] defense in state court and appeal to the U.S. Supreme Court if necessary." *Duty Free Shop, Inc.,* 708 F.Supp. at 470. Judgment shall be entered accordingly.

IT IS SO ORDERED.