Michael **DUBINKA**; John F. Coleman; Raul Meza, Plaintiffs–Appellants,

v.

**JUDGES OF the SUPERIOR COURT OF the STATE OF CALIFORNIA for the COUNTY OF LOS ANGELES; Daniel Lungren, Attorney General of the State of California; Ira Reiner, District Attorney of Los Angeles County, Defendants–Appellees.**

No. 92–55736.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1993.

Decided April 8, 1994.

Henry J. Hall, Deputy Public Defender, Los Angeles, CA, for plaintiffs-appellants.

Frederick R. Bennett, Asst. County Counsel, Donald E. de Nicola, Deputy Attorney Gen., Los Angeles, CA, for defendants-appellees.

Before: FLETCHER, PREGERSON and HALL, Circuit Judges.

Opinion by Judge FLETCHER.

**FLETCHER, Circuit Judge:**

Michael Dubinka, John Coleman, and Raul Meza appeal the district court's order dismissing their action for declaratory and injunctive relief for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The district court abstained under the doctrine established in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We affirm.

## BACKGROUND

On June 5, 1990, California voters adopted a ballot initiative popularly referred to as Proposition 115, which significantly altered discovery in California criminal cases by requiring that discovery be reciprocal. Proposition 115 contained both constitutional and statutory provisions. First, it included a state constitutional provision mandating that discovery be reciprocal in criminal cases.[1]

---

1. The language provides:

In order to provide for fair and speedy trials, discovery in criminal cases shall be reciprocal in nature, as prescribed by the legislature or by the people through the initiative process.

Cal. Const. art. 1, § 30(c).

Second, it added substantive discovery provisions to the California Penal Code. *See* Cal. Penal Code §§ 1054–1054.7 (West Supp. 1994).

The substantive discovery provisions require pretrial disclosure by defendants and their counsel of the identities, addresses, and statements of all witnesses whom the defense intends to call at trial. They also require the pretrial production of all physical evidence that the defense intends to introduce, pretrial disclosure of all expert reports and physical and mental examinations of the defendant, and pretrial production of scientific reports and experiments. Cal. Penal Code § 1054.3 (West Supp.1994). The statute requires the State to disclose the identities, addresses, and statements of the witnesses it intends to call at trial, physical evidence that it has seized during its investigation, statements made by the defendant, and the same medical and scientific evidence that the defense is required to disclose. Cal. Penal Code § 1054.1 (West Supp.1994).[2]

The constitutionality of Proposition 115 has been challenged in California state courts.

In *Izazaga v. Superior Court,* 54 Cal.3d 356, 815 P.2d 304, 285 Cal.Rptr. 231 (1991), the California Supreme Court upheld the constitutionality of the state law against challenges that it violated the Fifth, Sixth, and Fourteenth Amendments. Since *Izazaga,* the California Supreme Court has considered additional constitutional challenges to Proposition 115. *E.g., People v. Superior Court* (Mitchell), 5 Cal.4th 1229, 859 P.2d 102, 23 Cal.Rptr.2d 403, *modified,* 6 Cal.4th 951a (1993) (holding that Proposition 115's provisions apply to penalty phase of a capital trial, and the discovery of penalty phase evidence ordinarily should occur prior to commencement of guilt phase of trial, although court has discretion to defer disclosure until guilt phase is complete); *In re Littlefield,* 5 Cal. 4th 122, 19 Cal.Rptr.2d 248, 851 P.2d 42 (1993) (holding that sections 1054.3 and 1054.5 authorize the court to order defense counsel to disclose address of person defense intends to call as witness at trial and to impose a contempt sanction for refusal to obey that order).[3]

**2.** Sections 1054–1054.4 provide:
§ 1054.1. Prosecuting Attorney; disclosure of materials to defendant
    The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies:
    (a) The names and addresses of persons the prosecutor intends to call as witnesses at trial.
    (b) Statements of all defendants.
    (c) All relevant real evidence seized or obtained as a part of the investigation of the offenses charged.
    (d) The existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial.
    (e) Any exculpatory evidence.
    (f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements of experts made in conjunction with the case, including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the prosecutor intends to offer in evidence at the trial.
§ 1054.2 Disclosure of address or telephone number of victim or witness; prohibition; exception
    No attorney may disclose or permit to be disclosed to a defendant the address or telephone number of a victim or witness whose

name is disclosed to the attorney pursuant to subdivision (a) of Section 1054.1 unless specifically permitted to do so by the court after a hearing and a showing of good cause.
§ 1054.3 Defense Counsel; disclosure of information to prosecution
    The defendant and his or her attorney shall disclose to the prosecuting attorney:
    (a) The names and addresses of persons, other than the defendant, he or she intends to call as witnesses at trial, together with any relevant written or recorded statements of those persons, or any reports of the statements of those persons, including any reports or statements of experts made in connection with the case, and including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the defendant intends to offer in evidence at the trial.
    (b) Any real evidence which the defendant intends to offer in evidence at the trial.
§ 1054.4 Nontestimonial Evidence
    Nothing in this chapter shall be construed as limiting any law enforcement or prosecuting agency from obtaining nontestimonial evidence to the extent permitted by law on the effective date of this section.
Cal. Penal Code §§ 1054–1054.4 (West Supp. 1994).

**3.** Several California appellate courts have also considered constitutional challenges to Proposition 115. *E.g., Rodriguez v. Superior Court,* 14

On March 23, 1992, appellants filed a complaint for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. The complaint alleged that Proposition 115 violated appellants' constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The complaint named as defendants the Judges of the Superior Court of the County of Los Angeles, the California State Attorney General, and the Los Angeles County District Attorney.

At the time the federal complaint was filed, all of the appellants were defendants in pending criminal prosecutions in state court. On May 12, 1992, the district court dismissed the action on the grounds that abstention was appropriate under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[4] Judgment was entered on May 14, 1992. Appellants timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction over appellants' facial challenges to Proposition 115 pursuant to 28 U.S.C. §§ 1331 & 1343 and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ *Younger* abstention decisions are reviewed de novo. *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir.1991); *World Famous Drinking Emporium, Inc. v. Tempe*, 820 F.2d 1079, 1081 (9th Cir.1987).

## DISCUSSION

### I. Subject Matter Jurisdiction

The State first argues that, under the *Rooker–Feldman* doctrine, the district court lacked subject matter jurisdiction to hear this case.

■ Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1314–17, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (district courts may not exercise appellate jurisdiction over state courts). This rule arises from the interplay of two jurisdictional statutes: 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments ... rendered by the highest court of a State." This rules applies even when the state court judgment is not made by the highest state court, *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986), and when the challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 484–86, 103 S.Ct. at 1316–17.

■ Although a federal district court does not have jurisdiction to review constitutional challenges to a state court's decision, the court does have jurisdiction over a general constitutional challenge that does not require review of a final state court decision in a particular case. *Id.* at 482–86, 103 S.Ct. at 1314–17; *McNair*, 805 F.2d at 891. "This distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle, and difficult to make." *McNair*, 805 F.2d at 891 (citations omitted).

In analyzing whether federal district courts have jurisdiction to hear a particular constitutional challenge, we must determine whether the constitutional claims are "inexplicably intertwined" with the state court's rulings in a particular plaintiff's state case. *Feldman*, 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16 (stating that "[i]f the constitutional claims presented to a United States

---

Cal.App.4th 1260, 18 Cal.Rptr.2d, 120 (5th Dist. 1993); *People v. Jackson*, 15 Cal.App.4th 1197, 19 Cal.Rptr.2d 80 (4th Dist.1993); *Sandeffer v. Superior Court*, 18 Cal.App.4th 672, 22 Cal. Rptr.2d 261 (4th Dist.1993); *People v. Superior Court (Sturm)*, 9 Cal.App.4th 172, 11 Cal.Rptr.2d 652 (4th Dist.1992).

4. Although the district court talked in terms of "dismissing the complaint" it gave as its reason that "[t]he action is barred by the *Younger* doctrine," making clear that its order was a final order dismissing the action and that no amendment of the complaint could avoid the bar.

district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the district court is in essence being called upon to review the state-court decision"); *see also McNair,* 805 F.2d at 892. Courts have generally concluded that claims are inextricably intertwined when the district court must scrutinize both the challenged rule and the state court's application of that rule. *See Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1433 (10th Cir.1984), *cert. denied,* 471 U.S. 1016, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985) (district court should not go beyond rule as promulgated to analyze application of rule); *see also Palomar Mobilehome Park Ass'n v. San Marcos,* 989 F.2d 362, 365 (9th Cir.1993) (district court does not have jurisdiction over claim that state superior court improperly dismissed challenge to local rent control ordinance); *McNair,* 805 F.2d at 892–93 (section 1983 suit alleging unconstitutionality of state court jury verdict finding of defamation is inextricably intertwined with state court's legal determination and jury's verdict).

In *Feldman,* the Supreme Court reviewed a case in which the District of Columbia Court of Appeals refused to admit Feldman to the District of Columbia bar because he had not graduated from law school, a requirement for admission to the bar. Feldman filed a complaint, arguing that the failure to admit him to the bar deprived him of his constitutional rights. The Supreme Court held that the district court did not

have jurisdiction to review Feldman's constitutional challenge to the state court's application of the bar rule denying Feldman admission to the bar. However, the district court did have jurisdiction to determine the general constitutionality of the district's bar rule, because such review would not require reviewing "a final state-court judgment in a particular case." *Feldman,* 460 U.S. at 486–88, 103 S.Ct. at 1317–18.

■ In the present case, appellants' complaint does not require the district court to review a state court decision. In broad language it challenges the general constitutionality of Proposition 115. For example, it alleges that the discovery statutes are not fully reciprocal and that compelled disclosure of information regarding defense witnesses violates the Fifth and Sixth Amendments.[5] A district court could easily analyze these claims without resorting to the state trial courts' discovery orders in the appellants' pending cases. *See Razatos,* 746 F.2d at 1433–34 (district court may determine whether state rules violate due process without reviewing decision of state supreme court). Therefore, the district court did have subject matter jurisdiction to hear appellants' facial challenges to the constitutionality of Proposition 115.[6]

## II. *Younger Abstention*

The fundamental issue confronting us is whether *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), required the district court to abstain from hearing

5. The complaint alleges that:
   The prosecution discovery statutes are not reciprocal because even the names, addresses and statements of witnesses the prosecution intends to use to refute the compelled defense disclosures are not required to be disclosed; disclosure is required only upon a demand, not automatically. Without such protection, the statutes are not reciprocal, because they fail to require reciprocal disclosure on their face, thus violating Fifth and Fourteenth Amendment due process.
   (Clerk's Record 1 at 4). The complaint continues:
   Compelled disclosure of defense witness statements violates both federal self-incrimination and right to counsel. Under Proposition 115, disclosure of any statement of a defense witness would reveal information from the defen-

dant. Thus, compelled disclosure of defense witness statements would undoubtedly violate the Fifth Amendment's self-incrimination ban. Moreover, since the better the job defense counsel does, the more there is for the prosecution to discover to use to refute the defense, compelled disclosures of names, addresses, and statements violates the federal right to counsel, as protected by the Sixth Amendment. (Clerk's Record 1 at 4–5).

6. Sections of the complaint can be read to allege that the state court applied the criminal discovery provisions in an unconstitutional manner. To the extent that appellants challenge the specific *application of section 1054* in their ongoing state criminal proceedings, we do not have jurisdiction to review these claims.

appellants' challenges to Proposition 115. In *Younger,* the Supreme Court announced a doctrine that federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute is "'flagrantly and patently violative of express constitutional prohibitions.'" *Id.* at 53–54, 91 S.Ct. at 755 (citations omitted). *Younger* premises its holding on principles of equity and comity. A basic doctrine of equity jurisprudence is that courts of equity "should not act to restrain a criminal prosecution[ ] when the moving party has an adequate remedy at law and will not suffer irreparable injury." *Id.* at 43–44, 91 S.Ct. at 750. As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. *Id.*

### A. *Requirements for Younger Abstention*

Our circuit has stated that *Younger* abstention is appropriate if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Gartrell Constr.,* 940 F.2d at 441 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)); *Polykoff v. Collins,* 816 F.2d 1326, 1332 (9th Cir.1987). We agree with the district court that these three requirements for abstention are all present in this case.

■ The first requirement for *Younger* abstention—that there be ongoing state judicial proceedings—is clearly met because at the time the complaint was filed in federal court, the appellants were all subjects of pending criminal prosecutions in state court. The Supreme Court has held that *Younger* abstention applies to prevent federal intervention in a state judicial proceeding in which a losing litigant has not exhausted his state appellate remedies. *Huffman v. Pur-*

*sue, Ltd.,* 420 U.S. 592, 607–11, 95 S.Ct. 1200, 1209–12, 43 L.Ed.2d 482 (1975). Therefore, even if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.

■ The second requirement for *Younger* abstention—that the state proceedings implicate important state interests—is also satisfied. Appellants argue that the proceedings do not implicate important state interests because they do not seek to invalidate a statute or preclude a prosecution; rather, they merely seek to enjoin enforcement of a discovery statute that is constitutionally suspect and to suppress evidence obtained under the statute. This argument is not persuasive, however, because the application of *Younger* abstention has not been limited to injunctions that apply to entire proceedings. Instead, the Supreme Court has required *Younger* abstention in cases in which the federal plaintiff sought federal intervention, in advance of a state criminal trial, to resolve isolated and individualized trial issues like the admissibility of evidence. Thus, in *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975), the Supreme Court declined to intervene to enjoin a state court from admitting into evidence coerced grand jury testimony. *Id.* at 129–31, 95 S.Ct. at 1533–34. The Court stated that "'[i]f the federal equity power must refrain from staying State prosecutions outright to try the central question of the validity of the statute on which the prosecution is based, how much more reluctant must it be to intervene piecemeal to try collateral issues.'" *Id.* at 130, 95 S.Ct. at 1533 (quoting *Stefanelli v. Minard,* 342 U.S. 117, 123, 72 S.Ct. 118, 121, 96 L.Ed. 138 (1951) (declining to enjoin admission in state criminal proceeding of evidence obtained in unlawful search)); *see also Perez v. Ledesma,* 401 U.S. 82, 83–85, 91 S.Ct. 674, 675–677, 27 L.Ed.2d 701 (1971) (reversing district court order suppressing in state criminal proceeding use of evidence seized unconstitutionally).[7]

---

**7.** None of the cases cited by appellants support their argument that important state interests are not implicated because they challenge only discovery provisions and do not seek to enjoin en-

tire proceedings. In *Miofsky v. Superior Court of California,* 703 F.2d 332 (9th Cir.1983), the federal civil rights plaintiff was a physician who had been criminally convicted of abusing patients.

■ We also conclude that the third requirement for *Younger* abstention is met because appellants had an adequate opportunity to raise their constitutional challenges in the state proceedings.

Appellants allege that because the California Supreme Court has upheld the constitutionality of Proposition 115, and because lower state courts are bound by *Izazaga*, no state trial or intermediate court has jurisdiction to rule in their favor on constitutional issues. Therefore, they argue that they have no adequate opportunity to present their claims in state court.

A handful of cases support appellants' argument. *See Tolbert v. Memphis*, 568 F.Supp. 1285, 1289–90 (W.D.Tenn.1983) (where virtually identical city ordinance that prohibits exposure of female breasts in a "public place" has been held constitutional by state supreme court, federal court is not obliged to abstain and force plaintiffs to pursue futile appeals in state court); *see also McKinstry v. Genesee County Circuit*, 669 F.Supp. 801, 805–06 (E.D.Mich.1987); *Mastin v. Fellerhoff*, 526 F.Supp. 969, 971 (S.D.Ohio 1981).

Although there is some district court case law supporting appellants' position, the Supreme Court has suggested that the contention that federal claimants must have access to a federal forum because they have no practical opportunity to present their claims in state court will prevail only when procedural laws bar presentation of the claims. In *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), the federal plaintiffs brought a constitutional challenge to a state law that permitted the state to take custody of children it suspected of suffering from abuse. The Supreme Court concluded that *Younger* abstention was appropriate because state law did not impose procedural barriers to raising the constitutional claims in the state court proceedings. *Id.* 442 U.S. at 430 & n. 12, 99 S.Ct. at 2380 & n. 12 (quoting *Juidice v. Vail*, 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977) (" 'Here it is abundantly clear that appellees had an *opportunity* to present their federal claims in the state proceedings. No more is required to invoke *Younger* abstention.... Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings' ") (emphasis in original); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–16, 107 S.Ct. 1519, 1527–1529, 95 L.Ed.2d 1 (1987) (stating that *Younger* applies where state court had power to consider constitutional challenge to enforcement provision and that the burden is on the federal plaintiff to show that state procedural law barred presentation of his claims).

The First Circuit has interpreted *Pennzoil* and *Moore* as holding that when federal plaintiffs are permitted to raise their challenge in the state proceedings, the fact that the state supreme court has previously rejected an identical argument does not make *Younger* abstention inappropriate. *Duty Free Shop, Inc. v. Administracion De Terrenos*, 889 F.2d 1181 (1st Cir.1989). The First Circuit concluded that

> [t]he fact that state ... courts may reject (or have rejected) arguments on the merits, however, does not mean those courts have deprived a plaintiff of the *opportunity* to make the argument.... [I]t is only where, for procedural or other reasons, the

The patients brought civil suits against the physician, and sought disclosure of confidential psychiatric reports generated in the state criminal cases for use in the civil cases. The physician brought a federal suit seeking to enjoin these discovery proceedings. We refused to abstain, but our decision rested on the grounds that *Younger* does not extend to conventional civil litigation such as a civil tort suit. *Id.* at 336–38. Contrary to appellants' contentions, we did not hold that an action to enjoin the enforcement of laws that require the production of evidence does not implicate important state proceedings.

Similarly, in *Guiney v. Roache*, 833 F.2d 1079 (1st Cir.1987), the First Circuit held that *Younger*

did not apply where the federal plaintiff sought to enjoin the police department from requiring its officers to give urine samples without probable cause. The *Guiney* court based its decision on the grounds that there were no proceedings—either pending or threatened—to be enjoined. *Id.* at 1085. Finally, in *Riley v. Nevada Supreme Court*, 763 F.Supp. 446 (D.Nev.1991), while the court did refuse to abstain from a claim challenging state procedural rules in death penalty cases, the court based its decision on the grounds that the state courts could not adequately address these issues and on the existence of extraordinary circumstances. *Id.* at 451.

state courts deprive the plaintiff of such an *opportunity* that *Younger* does not apply. *Id.* at 1183 (emphasis in original). Our circuit has also implicitly adopted this rule. *See Lebbos v. Judges of Superior Court,* 883 F.2d 810, 815 (9th Cir.1989) (stating that appellants must show they are barred from raising federal claims in state action to avoid *Younger*). Given the narrow interpretation granted this exception by the Supreme Court and by lower federal courts in recent cases, we conclude that appellants do have an opportunity to raise their claims in state court because they are not procedurally barred from raising such claims.

### B. *Exceptions to Younger Abstention*

In *Younger,* the Supreme Court stated that federal courts may enjoin pending state court proceedings in "extraordinary circumstances," such as when the statute involved is " 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' " *Younger,* 401 U.S. at 53–54, 91 S.Ct. at 755 (quoting *Watson v. Buck,* 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941)); *see also Juidice,* 430 U.S. at 338, 97 S.Ct. at 1218; *Huffman,* 420 U.S. at 611, 95 S.Ct. at 1211; *Lebbos,* 883 F.2d at 814; *World Famous Drinking Emporium,* 820 F.2d at 1082.[8] Appellants argue that Proposition 115 is just such an enactment. We disagree.

The requirement that a statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied, demonstrates that this exception to *Younger* abstention is very narrow. The refusal to apply the exception in the *Younger* case, itself, illustrates the narrowness of this exception: in *Younger,* the federal plaintiff could not bring himself within this exception even though the statute under which he was indicted—the California Criminal Syndicalism Act—had been effectively invalidated the previous year in *Brandenburg v. Ohio,* 395 U.S. 444, 449, 89 S.Ct. 1827, 1830, 23 L.Ed.2d 430 (1969) (overruling *Whitney v. California,* 274 U.S. 357, 47 S.Ct. 641, 71 L.Ed. 1095 (1927)). *Younger,* 401 U.S. at 40–41, 91 S.Ct. at 748–749.

In *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), the Supreme Court confirmed the narrowness of the exception. In *Trainor,* the federal plaintiffs challenged a state attachment statute that the state had used to recover allegedly fraudulent welfare payments. The district court had found the statute to be patently unconstitutional. The Supreme Court reversed, indicating that because some state attachment statutes are constitutional, the state court litigation involving the state attachment statute in question could not fall within this exception to *Younger. Id.* at 447, 97 S.Ct. at 1919 (citing to *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) (state attachment statute that permits order by a court only on an affidavit and after the creditor files a bond, and that provides for immediate hearing and dissolution of order for failure to prove grounds for issuance, is constitutional) and *North Georgia Finishing, Inc. v. Di–Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975) (statute that does not have provisions similar to those described in *Mitchell* found to be unconstitutional)). The Court suggested that if the constitutionality of the state statute is unclear or if the statute may be applied constitutionally in some cases, then abstention under *Younger* is appropriate.

Appellants raise numerous arguments regarding why Proposition 115 violates the Fifth, Sixth, and Fourteenth Amendments. But even if appellants are correct that some applications of Proposition 115 are unconstitutional, the discovery provisions are not so "flagrantly and patently" unconstitutional as to invoke federal jurisdiction. Appellants' claims require the interpretation of case law dealing with criminal procedure and due process, a complex area of law in which many decisions turn on the

---

**8.** We have also recognized that extraordinary circumstances exist when there is bad faith prosecution or harassment on the part of the government. *Younger,* 401 U.S. at 53–54, 91 S.Ct. at 754–755; *Lebbos,* 883 F.2d at 814. In this case there is no allegation by appellants of bad faith or harassment on the part of the State.

specific facts of the case.[9] If Proposition 115 is unconstitutional, it is not patently unconstitutional in every "clause, sentence and paragraph" and in whatever manner it might be applied.[10] For this reason, the *Younger* exceptions do not apply in this case.[11]

## CONCLUSION

We agree with the district court that the tenets of *Younger v. Harris* require the district court to abstain from reviewing appellants' constitutional challenges to Proposition 115. The district court's order dismissing the action is

AFFIRMED.

9. For example, appellants argue that the broad criminal discovery provisions violate the Fifth Amendment by requiring pretrial disclosure of evidence—such as the statements and addresses of *all* potential witnesses—that could form the basis of additional evidence that could be used against the defendant. Appellants contend that such disclosure will effectively reveal the defense strategy to the prosecution prior to litigation. In response, the State notes that because the right against self-incrimination is personal and because the statute does not require discovery of the defendant's own statements, the statute does not compel self-incrimination at all, but instead merely accelerates disclosure. The State also points to the California Code, which prohibits the production of discovery that is "privileged as provided by the Constitution of the United States." Cal. Penal Code §§ 1054 & 1054.6 (West Supp.1994).

10. Nothing we say in this opinion should be taken to suggest that we are making any determination whatsoever as to the constitutionality of Proposition 115.

11. The State argues that the Eleventh Amendment prohibits a federal suit against the Superior Court of Los Angeles County, which is an entity of the State. Because we conclude that *Younger* abstention is appropriate in this case, we do not reach the Eleventh Amendment issue.