Roger M. DONLON, an individual; Roger M. Donlon, Trustee of the Roger M. Donlon Trust; Roger M. Donlon, Trustee of the Roger M. Donlon Trust dated November 9, 1982; Timothy R. Donlon, an individual; Timothy R. Donlon, Trustee for the Benefit of Michael Joseph Donlon; Timothy R. Donlon, Trustee for the Benefit of Brion Paul Donlon; Gregory H. Donlon, an individual; Brion Paul Donlon, an individual; Michael Joseph Donlon, an individual; Kenneth L. McDonald, Successor trustee of the Deed of Trust recorded December 3, 1986 as Instrument No 86–175829 of Official Records of Ventura County, Plaintiffs—Appellants,

v.

CITY OF OXNARD, a Municipal Corporation; Community Facilities District No. 88–1 of the City of Oxnard (Oxnard Town Center), a Community Facilities District, Defendants—Appellees.

No. 00–56226.

D.C. No. CV–00–00607–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Nov. 2, 2001.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM *

Roger M. Donlon, various trustees, and other parties (the "Donlons") appeal from the district court order dismissing their complaint. The Donlons filed their federal complaint after having lost a state court case in which they were the defendants. The state court determined that the Donlons' interest in a 181–acre plot of land located in the City of Oxnard was subordinate to Oxnard's interest in the property,

a tax lien. Both the California Supreme Court and United States Supreme Court denied certiorari. Thereafter, the Donlons brought suit in federal district court. Their first cause of action was for a judicial declaration that: 1) the state court's ruling in the validation action is a final, binding judgment enforceable against Oxnard and 2) the Equal Protection Clause and/or Due Process Clause require that the special tax lien be subordinated to the Donlons' interest in the property. The second cause of action was for a taking in violation of the Constitution. Pursuant to the Rooker–Feldman doctrine, the district court dismissed the case for lack of subject matter jurisdiction. For the reasons stated below, we affirm.

District courts are courts of original jurisdiction and are not permitted to review final state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In *District of Columbia Court of Appeals v. Feldman*, the Supreme Court elaborated on *Rooker*, observing that district courts have jurisdiction over "general attacks on the constitutionality" of laws provided that entertaining any such challenge does not require reviewing "a final state court judgment in a particular case." 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Reviewing a final state court judgment is unavoidable where the constitutional claims are "inextricably intertwined" with the state court's rulings. *Id.* at 486–87, 103 S.Ct. 1303. "[C]laims are inextricably intertwined when the district court must scrutinize both the challenged rule and the state court's application of that rule." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 222 (9th Cir.1994) (citations omitted).

This case falls squarely within the Rooker–Feldman doctrine. The district court

---

could not have granted relief with respect to the requested subordination without reviewing the state court of appeals' determination that the tax lien has priority. A similar result holds true for the Donlons' just compensation claim. The state court of appeals concluded that there was no taking because Oxnard's interest in the property superceded that of the Donlons. Both claims are "inextricably intertwined" with the state court's rulings. Therefore, the Rooker–Feldman doctrine bars federal jurisdiction over the Donlons' case.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.