**OUTDOOR MEDIA DIMENSIONS, INC., an Oregon corporation, Plaintiff—Appellant,**

v.

**Bruce WARNER, in his official capacity as Director of the Oregon Department of Transportation, Defendant—Appellee.**

No. 01–35523.

D.C. No. CV–00–00928–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Feb. 19, 2003.

Before KLEINFELD and MCKEOWN,

Circuit Judges, and BREYER,* District Judge.

### MEMORANDUM**

Immediately after erecting a billboard along an Oregon highway, Outdoor Media Dimensions ("OMD") filed suit in federal court in Oregon challenging the constitutionality of the Oregon Motorist Information Act of 1971 ("OMIA"), Or.Rev.Stat. §§ 377.700–377.840 & 377.992, which regulates billboard display. Shortly thereafter, OMD received a notice from the Oregon Department of Transportation ("ODOT") that its billboard was in violation of the OMIA. OMD requested a contested case hearing regarding the notice of violation. OMD subsequently erected four more billboards and received violation notices for each billboard. After engaging in discovery in federal court, and before any merits rulings, ODOT moved to dismiss the case on a number of grounds including *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court determined that *Younger* barred its review of the issues.

Under *Younger,* federal courts must abstain from enjoining state proceedings when "(1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1357–58 (9th Cir.1986) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). OMD challenges the district court's conclusions with regard to the first and third

prongs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ With respect to the first prong, ODOT's state administrative proceedings were "initiated 'before any proceedings of substance on the merits [took] place in federal court.'" *Fresh Int'l,* 805 F.2d at 1358 (quoting *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975)). When the sole issue in federal court litigation has been whether abstention is appropriate, "[n]o proceedings have occurred on the merits and therefore no federal proceedings on the merits will be terminated by application of *Younger* principles." *Middlesex,* 457 U.S. at 437.

OMD argues that if any state proceedings were ongoing, they were in relation only to the first sign. But this argument ignores that administrative violation notices had been issued for all of the signs. In addition, OMD's constitutional challenge to the OMIA is properly characterized as facial, and the relief sought, had OMD prevailed in federal court, would have been an injunction prohibiting ODOT from removing any of the signs. *See Green v. City of Tucson,* 255 F.3d 1086, 1097 (9th Cir.2001) (en banc) (making interference with state court proceedings a predicate for *Younger* abstention); *see also Beltran v. California,* 871 F.2d 777, 782 (9th Cir.1988) (finding *Younger* abstention appropriate where two of five state court proceedings were pending). We also reject OMD's claim that the contested case hearing was not judicial in nature. Neither ODOT's discretion to reject the hearing officer's recommendation nor the Oregon Court of Appeals' review for substantial evidence renders the hearing non-judicial.

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

With regard to the third prong of *Younger,* abstention is inappropriate only when "procedural laws bar presentation of the claims." *Dubinka v. Judges of the Superior Court,* 23 F.3d 218, 224 (9th Cir. 1994). As long as "constitutional claims may be raised in state-court judicial review of the administrative proceeding," *Younger* is satisfied. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 629, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). Oregon law directs appellate courts to remand to the agency for a correct interpretation of law if the court determines that the agency violated the constitution. Or. Rev.Stat. § 183.482(8)(b)(C). Such a requirement satisfies *Dayton.*

Finally, OMD's claim that the OMIA falls under the "flagrantly and patently" unconstitutional exception to *Younger* fails; OMD did not raise this claim before the district court, and it is therefore forfeited. Moreover, the exception for "flagrantly and patently" unconstitutional statutes is extraordinarily narrow. *See Younger,* 401 U.S. at 40–41 (abstaining despite prior invalidation of act under which the federal plaintiff was indicted). The OMIA does not satisfy this standard.

AFFIRMED.