King's Grant Inn v. Gilford, et al.   CV-03-249-M   10/29/03
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

King's Grant Inn,
     Plaintiff

     v.                                    Civil No. 03-249-M
                                           Opinion No. 2003 DNH 185
Town of Gilford; and
Gilford Board of Selectmen,
     Defendants

O R D E R

By order dated June 6, 2003, plaintiff was directed to show
cause why its complaint should not be dismissed, or why this
court should not abstain and stay the case, in deference to an
earlier-filed and pending state case.  Based upon plaintiff's
Memorandum of Law in Support of This Court's Jurisdiction,
neither the relevant abstention doctrines[1] nor the Rooker-Feldmen
doctrine[2] present any impediment to the exercise of jurisdiction
over this case.

---

[1] Younger v. Harris, 401 U.S. 37 (1971), see also Colo.
River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976).

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C.
Ct. of App. v. Feldman, 460 U.S. 462 (1983).

Colorado River, which would appear to be the relevant abstention doctrine, does not apply on the facts of this case because there is now no pending state-court action in favor of which this court should abstain. It appears that plaintiff requested, and was allowed, a voluntary non-suit without prejudice by the New Hampshire Superior Court. Thus, there is no pending state court action. That the non-suit was requested on the same date on which this action was filed, and was not allowed until June 12, 2003 (six days after this action was filed), is not significant. The non-suit having been allowed, abstention would no longer have promoted comity between federal and state courts, a principal purpose of the Colorado River doctrine.

Moreover, Dubinka v. Judges of the Superior Court, 23 F.3d 218 (9th Cir. 1994), is not supportive of plaintiff's position. In that case, the Younger doctrine applied, even though the earlier filed state court action had concluded, because the losing litigants in the state case still had unexhausted state appellate remedies available at the time the federal court decided to abstain. Id. at 223 (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975)). Here, by contrast, the state

2

action was terminated by the Superior Court's allowance of a non-suit. Because there is now no pending state court action, there is no purpose to be served by federal abstention.

For related reasons, the <u>Rooker</u>-<u>Feldman</u> doctrine is not applicable. In essence, <u>Rooker</u>-<u>Feldman</u> bars lower federal courts from reviewing final state court judgments. Here, there is no state court judgment; plaintiff was allowed to take a voluntary non-suit, without prejudice. In the New Hampshire Superior Court, plaintiff sought temporary, preliminary, and permanent injunctive relief, by petition dated May 5, 2003. On May 15, the Superior Court held a hearing on plaintiff's request for a temporary restraining order ("TRO"). That request was denied, by order dated May 23, 2003, on grounds that plaintiff had failed to demonstrate the likelihood of success on the merits. Then, on June 6, plaintiff filed both the action before this court, and a request for voluntary non-suit in the Superior Court action. As noted, the Superior Court allowed a non-suit without prejudice on June 12, 2003. Under New Hampshire law, a voluntary non-suit does not constitute a final judgment on the merits. <u>See</u> <u>Town of Plaistow v. Riddle</u>, 141 N.H. 307, 309 (1996) (quoting 5 R.

3

Wiebusch, New Hampshire Practice, Civil Practice and Procedure § 1062 (1984)) (voluntary non-suit has no res judicata effect because it "has no conclusive effect on the merits of the underlying action"); Foster v. Bedell, 136 N.H. 728, 730 (1993) (citing Milford Quarry v. Railroad, 78 N.H. 176, 177 (1916); Restatement (Second) of Judgments § 20 (1980)) ("A voluntary nonsuit, if allowed by the court, is not a bar to a second action."). While Rooker-Feldman might have precluded this court from granting a TRO after the Superior Court had denied plaintiff that same relief, any future decision in this case, by this court, will not contradict or undermine any state court order; there is no action this court could take that would constitute a review of any decision by New Hampshire's courts. Consequently, Rooker-Feldman poses no obstacle to the exercise of federal jurisdiction.

For the reasons given, neither abstention doctrines nor Rooker-Feldman compel, or even allow, abstention or any other delay of the court's exercise of its jurisdiction over this case. Accordingly, the case shall remain active on the docket.

4

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 29, 2003

cc:   David H. Bownes, Esq.
      R. Matthew Cairns, Esq.