**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE ILENE LAZARUS, | No. 10-55439 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-01423-GHK-FFM |
| v. | |
| LEROY D. BACA, Sheriff of Los Angeles County; SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted July 16, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and ROBART, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

Petitioner-Appellant Stephanie Ilene Lazarus is held on bail of $10 million while awaiting her trial for murder in California state court. She appeals the district court's dismissal of her petition for writ of habeas corpus, which challenged her detention as a violation of the Excessive Bail Clause of the Eighth Amendment to the United States Constitution and due process. The district court concluded that the *Younger* abstention doctrine required dismissal. We have jurisdiction pursuant to 28 U.S.C. § 2253 and review *de novo* the district court's decision to apply *Younger* abstention. *Canatella v. California*, 404 F.3d 1106, 1109 (9th Cir. 2005). For the following reasons, we affirm.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. Absent limited exceptions, *Younger* abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

The district court correctly found that *Younger* abstention required dismissal of Lazarus's habeas petition. First, the parties agree that the state criminal proceedings are ongoing. Second, the state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979); *Younger*, 401 U.S. at 43-44. Third, Lazarus "had an 'adequate' or 'full and fair' opportunity to raise [her] federal claims in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir. 1999); *see Moore v. Sims*, 442 U.S. 415, 425 (1979); *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 224-25 (9th Cir. 1994). "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l*, 196 F.3d at 1020. The parties agree that Lazarus was permitted the opportunity to raise her federal constitutional claims before the California Superior Court, the California Court of Appeal, and the California Supreme Court. There is no suggestion that the state proceedings did not afford Lazarus an adequate opportunity to assert the legal claims presented in her habeas petition. Fourth, Lazarus's habeas petition threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal courts into the ordinary course of state criminal proceedings, with the attendant risk that Lazarus, if released on lower bail, may not appear at trial. *Cf. O'Shea v. Littleton*, 414 U.S. 488, 500-02 (1974); *Suggs v. Brannon*, 804 F.2d 274,

279 (4th Cir. 1986); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981); *Wallace v. Kern*, 520 F.2d 400, 405-06 (2d Cir. 1975).

Additionally, Lazarus has neither argued nor shown that an exception to *Younger* abstention applies. Exceptions to *Younger* abstention exist where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *see Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). Without more, we decline to fashion an exception to *Younger* abstention on the facts of this appeal.

In sum, on our *de novo* review, we conclude that *Younger* abstention requires dismissal of Lazarus's habeas petition.

AFFIRMED.