NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIZONA ATTORNEYS FOR CRIMINAL JUSTICE; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARK BRNOVICH, Attorney General, in his official capacity as Attorney General of the State of Arizona; et al., <br><br> Defendants-Appellees. | No. 20-16293 <br><br> D.C. No. 2:17-cv-01422-SPL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted July 6, 2021
Portland, Oregon

Before: M. MURPHY,[**] PAEZ, and BENNETT, Circuit Judges.

Plaintiffs—individual criminal defense attorneys, a criminal defense

investigator, and an organizational plaintiff, Arizona Attorneys for Criminal Justice

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

("AACJ") (collectively "Plaintiffs")—appeal the district court's dismissal of their lawsuit for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs' lawsuit, filed pursuant to 42 U.S.C. § 1983, challenges on First Amendment grounds Arizona Revised Statutes § 13-4433(B), which prohibits criminal defense lawyers and investigators from contacting victims. Plaintiffs sued Mark Brnovich (the Arizona Attorney General), Maret Vessella (Chief Bar Counsel of the State Bar of Arizona), and Heston Silbert (Director of the Arizona Department of Public Safety) (collectively "Defendants"), all of whom, at some level, have responsibility for enforcing § 13-4433(B) or the Arizona Rules of Professional Conduct.

On appeal, all Defendants defend the district court's standing ruling. Brnovich and Silbert further argue that the district court should have abstained from hearing this case under *Younger v. Harris*, 401 U.S. 37 (1971). We review de novo whether the requirements of standing are met and whether abstention under *Younger* is required. *Canatella v. California*, 304 F.3d 843, 850, 852 (9th Cir. 2002).[1] We conclude that plaintiffs have standing against all three defendants and reverse. We further conclude that the district court did not err in declining to abstain under *Younger*.

**1.** Standing has three elements: injury in fact, a causal connection between

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

the relevant conduct and that injury, and that it is likely the court can redress that injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal quotation marks and citation omitted). Defendants assert both facial and factual attacks on Plaintiffs' standing.

First, Plaintiffs have sufficiently alleged an injury in fact as to each defendant. On appeal, Brnovich and Silbert did not challenge the injury in fact element. As for Vessella, Plaintiffs have alleged that they self-censor due to fear of professional discipline. *See Wolfson v. Brammer*, 616 F.3d 1045, 1059 (9th Cir. 2010) ("Self-censorship is a constitutionally recognized injury."). Plaintiffs also have alleged a credible threat of enforcement, because Vessella has authority to discipline attorneys for violations of § 13-4433(B), Vessella has included a violation of § 13-4433(B) as part of the basis for seeking professional discipline against attorneys in the past, and Plaintiffs seek to engage in conduct that would violate § 13-4433(B). *See Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010) (articulating factors used to determine whether plaintiffs have shown they face a credible threat in a pre-enforcement challenge).

Second, plaintiffs have established causation and traceability as to each defendant. For Brnovich, there is "a causal connection between the injury and the

conduct complained of," *Lujan*, 504 U.S. at 560, because his office seeks to enforce § 13-4433(B) in proceedings to which he is a party, *see, e.g.*, *Martinez v. Shinn*, No. CV-20-00517-PHX-DJH, 2020 WL 3574594, at *3 (D. Ariz. July 1, 2020), and because his office can refer alleged violations of § 13-4433(B) for disciplinary investigation.[2]  Further, an officer who can "actually enforce the law" or direct enforcement by others is a proper defendant, *see Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919–20 (9th Cir. 2004), and Vessella and Silbert have the authority to pursue professional discipline for defense attorneys and investigators who violate § 13-4433(B).

Third, Plaintiffs have established redressability as to each defendant.  "[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury."  *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982).  Here, the requested relief would stop Defendants from enforcing § 13-4433(B), and thus relieve a discrete injury.

The existence of a similar rule of criminal procedure, Arizona Rule of Criminal Procedure 39(b)(12)(A), does not preclude redressability.  Section 13-

---

[2] We grant Plaintiffs' motion to take judicial notice (Dkt. 31) of Attorney General Brnovich's amicus brief in a case before the Arizona Supreme Court, in which the Attorney General stated that "as the State's chief legal officer," he "has a manifest interest in ensuring that victims' rights, as enumerated in article II, § 2.1 of the Arizona Constitution, are protected."

4433(B) is broader than Rule 39(b)(12)(A), which states that "the defense must communicate requests to interview a victim to the prosecutor, not the victim." Ariz. R. Crim. P. 39(b)(12)(A). In contrast, § 13-4433(B) provides that a defense attorney or investigator "shall only initiate contact with the victim through the prosecutor's office." Because it is possible to contact a victim without requesting to interview them, and thus violate § 13-4433(B) without violating Rule 39(b)(12)(A), enjoining Defendants from enforcing § 13-4433(B) would relieve a discrete injury.

The possibility that state court judges would not follow a federal court judgment declaring § 13-4433(B) unconstitutional also does not foreclose redressability. Plaintiffs have stated that they "self-censor[] for fear of losing their professional licenses," a consequence imposed by Vessella and Silbert. Relief in this lawsuit would address that discrete injury. Relief would also bar Brnovich from relying on § 13-4433(B) to stand in the way of defense attorneys' direct communications with victims in cases prosecuted by his office.

We conclude that Plaintiffs have established standing as to each defendant.[3]

---

[3] Vessella also argues that Plaintiffs do not present a ripe case or controversy. "A ripeness inquiry considers whether 'concrete legal issues, presented in actual cases, not abstractions,' are raised by the complaint," and overlaps considerably with standing. *Canatella*, 304 F.3d at 854 (quoting *United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 89 (1947)). In her ripeness argument, Vessella repeats the same arguments used to challenge Plaintiffs' standing. We reject Vessella's

**2.** We agree with the district court that *Younger* abstention is not required. Critically, the first *Younger* requirement—the presence of an ongoing state proceeding—is not satisfied. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). In contrast to *Dubinka v. Judges of the Superior Court*, 23 F.3d 218 (9th Cir. 1994), the plaintiffs in this case are not parties to any pending proceedings in Arizona state court. And because the plaintiffs in this case assert their own First Amendment rights in this proceeding, not their clients' rights, the plaintiffs' interests are not "so intertwined" with those of their clients in state court proceedings that "interference with the state court proceeding is inevitable." *Green v. City of Tucson*, 255 F.3d 1086, 1100 (9th Cir. 2001) (en banc), *overruled, in part, on other grounds by Gilbertson v. Albright,* 381 F.3d 965, 976–78 (9th Cir. 2004) (en banc). Further, no plaintiffs are currently parties in disciplinary proceedings for violations of § 13-4433(B).

**REVERSED** and **REMANDED.**

---

ripeness arguments for the same reasons we reject Vessella's arguments concerning standing.

6