In re Vinicio Medrano DIAZ, Debtor.

John A. Zerbe, Trustee, Appellant,

v.

Teresa Vazquez Botet, Appellee.

CIV. No. 00–1105(JP).

United States District Court,
D. Puerto Rico.

April 6, 2001.

Genaro Rodriguez Gerena, Luquillo, PR, for Debtor.

Ramon Torres Rodriguez, San Juan, PR, for Appellant.

Eli B. Arroyo, San Juan, PR, for Appellee.

Nancy Pujals, Office of U.S. Trustee, Assistant U.S. Trustee, San Juan, PR, for U.S. Trustee.

### OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it an appeal pursuant to 28 U.S.C. § 158(a) from the October 26, 1999 ruling entered by the Hon. Sara de Jesús, of the United States Bankruptcy Court for the District of Puerto Rico, allowing Teresa Vázquez Botet's ("Appellee") claim for $46,000.00 ("Claim No. 21") against John A. Zerbe's ("Appellant") objection, and awarding the same. The parties disagree as to the scope of issues presented for review. Appellant lists eleven issues and argues that they deal with mixed questions of law and fact. In contrast, Appellee asserts that the ultimate issue on appeal is one of fact which concerns the credibility of the Debtor and the Appellee who testified before the bankruptcy court regarding Claim No. 21. After a careful review of the record and the arguments presented, the decision of the bankruptcy court is hereby **AFFIRMED.**

## I. BACKGROUND

The following summary of facts is drawn from the March 10, 1998 Opinion and Order in which the bankruptcy court made certain findings of fact and denied summary judgment, and the transcript of the bankruptcy court's October 26, 1999 ruling on the merits. Since 1991, Vinicio Medrano Díaz ("Debtor") was the president and sole shareholder of a real estate corporation known as Better Family Homes Inc. ("BFH"). During April of 1991, Appellee began working for the BFH as a realtor and sales person. In May of 1991, Appellee agreed to loan BFH $85,000.00 ("the loan"), in order to provide the corporation with badly needed capital, and to allow for the termination of certain legal actions brought against BFH. In exchange for the loan, Debtor made Appellee president and Chief Executive Officer of BFH.

BFH eventually sold its office and used $40,000.00 of the proceeds of the sale to pay back a portion of the loan to Appellee. In the meantime, Debtor and Appellee bought a winning lottery ticket, were married and later divorced. In 1992, Debtor filed for Chapter 13 bankruptcy. The case was eventually converted to Chapter 7, and Mr. John Zerbe was appointed the Chapter 7 Trustee.

On December 28, 1995, Appellee timely filed a Proof of Claim, in which she claimed the amount of $46,000.00 as principal owing on the loan, and $16,241.22 for accrued interest.[1] Claim 21 also included Appellee's claim that Debtor assumed the loan pursuant to a stipulation that Debtor and Appellee had entered into in a divorce proceeding pending before the local court. Appellant Chapter 7 Trustee objected to Claim 21 stating that the claim was not Debtor's responsibility. He asserted that it was BFH's corporate debt that was not assumed by Debtor. Moreover, Appellant argued that the divorce proceeding stipulation upon which Appellee relies was not executed, and was therefore not binding. Thereafter, Appellee offered a second document ("the 1991 stipulation"), a photocopy of a note purported to have been executed between Debtor and Appellee in 1991 before Debtor and Appellee were married, as evidence that the Debtor had agreed to assume BFH's debt.

---

1. Appellee later dropped her request for the $16,241.22 in accrued interest, thereby leaving only $46,000.00 as the total amount owed to her pursuant to Claim 21.

Appellant and Debtor challenged the authenticity of the 1991 stipulation as having an improper date. Debtor admitted to having executed the document but contends that he did so on April 15, 1992 after he and Appellee were married, and without valuable consideration for the same, and alleges that it is therefore null and void under Article 1286 of the Civil code of Puerto Rico, 31 L.P.R.A. § 3588 and Article 1347 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3772.[2] Further, Debtor contended that he was inebriated when he signed the document and was unaware of its content. The bankruptcy judge heard testimony to the same before reaching the following conclusions: 1) that Appellee obtained some assurance of repayment from Debtor before she loaned him the $85,000.00 loan; and 2) Debtor agreed to assume the loan of BFH in the event that the corporation became unable to repay the same. Based on the evidence before it, the bankruptcy court awarded Appellee's Claim 21 for the total amount of $46,000.00.

## II. STANDARD OF REVIEW

In general, the same standard of review that governs appellate courts that hear appeals from district courts governs bankruptcy appeals before district courts. When issues on review are "heavily dependent upon the [lower] court's firsthand knowledge of the case and its nuances," a deferential appellate review is appropriate. *See Navarro–Ayala v. Nunez*, 968 F.2d 1421, 1425 (1st Cir.1992). A lower court's determination of witness credibility is also afforded this level of review. In this way, a bankruptcy judge's ascertainment of a witness's credibility should be upheld absent a showing of "clear error". *See* Fed. Bankr.R. 8013; *see also In re Tully*, 818 F.2d 106, 109–110 (1st Cir.1987).

A bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard, and its conclusions of law are reviewed de novo. *See T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Matter of Rosa*, 196 B.R. 231, 234 (D.Puerto Rico 1996) (Pieras, J.). This Circuit has stated that "the more fact-dominated the question, the more likely it is that the trier's resolution of it will be accepted unless shown to be clearly erroneous." *In re Extradition of Howard*, 996 F.2d 1320, 1328 (1st Cir.1993). "A finding of fact is 'clearly erroneous' when the reviewing court is left with the definite and firm conviction that a mistake has been made." *Mitchell v. United States*, 141 F.3d 8, 17 (1st Cir.1998). The standard is so exacting that where two views of the evidence are plausible, the trial court's preference cannot be deemed to be clearly erroneous, and may not be disturbed even where the appellate court would have held otherwise. *Williams v. Poulos*, 11 F.3d 271, 278 (1st Cir.1993).

Bankruptcy judges have wide discretion when dealing with fact-intensive matters, and district courts hearing bankruptcy appeals give considerable deference

---

**2.** Article 1286 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3588—*Nullity of gifts during marriage* states:

All gifts between spouses bestowed during the marriage shall be void. Moderate gifts which spouses bestow on each other on festive days for the family are not included in this rule.

Article 1347 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3772—*Mutual sales between husband and wife* states:

The husband and the wife cannot mutually sell property to each other, except in case the separation of property has been agreed upon or when a judicial separation of the said property should have taken place, authorized in accordance with the provisions of sections 3711–3716 of this title.

to a bankruptcy judge's factual determinations and discretionary judgments. *In re Pedro Abich Inc.*, 165 B.R. 5, 7 (D.Puerto Rico 1994), citing *In re Martin*, 817 F.2d 175, 182 (1st Cir.1987); and *Boston and Maine Corp. v. Moore*, 776 F.2d 2, 6 (1st Cir.1985). Of course, as the First Circuit has made clear, trial courts may not insulate their findings from review by simply labeling them credibility determinations because various factors contribute to the believability of a witness' testimony. When documents or objective evidence contradict a witness' story or when the story itself is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit it, the appellate court may find clear error even when a finding of the trial judge was purportedly based on credibility determinations. "But when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985); *Palmacci v. Umpierrez*, 121 F.3d 781, 785 (1st Cir.1997). It is with this frame work in mind that the Court now turns to the appeal before it.

## III. DISCUSSION

The issues which Appellant lists in his appeal are as follows: 1) whether the evidence presented by Mrs. Teresa Vázquez Botet is sufficient to prove that Mr. Vinicio Medrano Díaz assumed an obligation of a corporation in favor of Mrs. Teresa Vázquez Botet; 2) whether Debtor and his former wife made a transaction between themselves; 3) whether in accordance with the laws of the Commonwealth of Puerto Rico, a husband may make a transaction with his wife assuming a debt from a third party in favor of his wife as a creditor; 4) whether the assumption of a debt by Debtor without any valuable consideration, in favor of claimant constitutes a donation; 5) whether in accordance with the laws of the Commonwealth of Puerto Rico a husband may make a donation to his wife; 6) whether a document submitted by Mrs. Teresa Vázquez Botet dated 1991 should have been admitted as evidence when it was timely objected to by the Trustee and impeached by the unrebutted testimony of an expert witness; 7) whether essential findings of fact are supported by evidence or are clearly erroneous, essentially the fact that Claimant would not loan the amount of $85,000.00 without any assurance of repayment; 8) whether the evidence submitted by Claimant proved that there was the intention or the affirmative act by Debtor of giving Claimant a Guaranty of repayment; 9) whether the Honorable Bankruptcy Court incurred in reversible error in its appreciation of the evidence admitted at trial; 10) whether the claimant, Mrs. Teresa Vázquez Botet, presented adequate and sufficient evidence and satisfied the claimant's burden of proving that she is entitled to the allowance of her claim once the trustee introduced sufficient evidence and legal arguments to rebut the presumption of validity created under Bankruptcy Rule 3001(f); and 11) whether the Honorable Bankruptcy Court incurred in a reversible error in allowing Mrs. Teresa Vázquez Botet's claim in the full amount of $46,000.00.

Even though Appellant avers that each of these eleven issues are on appeal, after reviewing the record, the Court finds that all eleven issues go towards the ultimate issue, which is the true subject of this appeal—whether, as Appellant asserts, the bankruptcy court incurred reversible error in allowing Claim 21: Appellee's claim for

the full amount of $46,000.00. In an attempt to bypass the "clear error" standard and have this Court review of the ruling of the bankruptcy judge "de novo," Appellant argues that certain of the eleven issues implicate legal questions. The Court disagrees.

All eleven of Appellant's arguments either directly or indirectly challenge the trial judge's decision to admit the 1991 stipulation into evidence. This Court has the benefit of the thorough and complete record that was created by the bankruptcy judge in anticipation of a possible appeal. A careful review of trial testimony and the exhibits contained in this record discloses that the bankruptcy judge's ruling relied upon factual determinations which she made throughout the case. The factual determinations are as follows: 1) that Appellee loaned $85,000.00 and received an assurance of repayment of the same; and 2) that Appellee and Debtor structured the repayment of the loan in such a way that Debtor agreed to assume the loan of BFH, when and if repayment to Appellee was not completed from the sale of the proceeds of the office building.

In reaching these factual conclusions, the bankruptcy judge stated that the evidence before the court turned on the issue of credibility:

> The first thing that I can say is that I think the credibility of both Mr. Vinicio Medrano and Mrs. Vázquez Botet has been called into question throughout this trial. So, I have the distinct problem, who to believe when I believe that both of them has been less than truthful with the Court.
>
> It seemed to me that given the entire circumstances of what occurred that it was unlikely that Mrs. Teresa Vázquez would loan eighty-five thousand dollars without receiving some guarantee of payment and, as a realtor employed by

Better Family Homes Inc., with certain experience in that field and later on as chief operating officer of that corporation and in charge of selling the office building she must have been aware, it seems to me which is an appropriate assumption to make from the evidence that I received, of the price of the building and the amount it would fetch at sale. So that, therefore, it was highly unlikely that she would receive an entire full repayment from the corporation from the proceeds of the sale.

> So, therefore, I don't think she would be the type of person, from what I have seen and observed from here and from her manner of being, to loan eighty-five thousand dollars without any assurance of repayment since, it would seem to me, that the repayment from the sale of the office building would be unlikely it would seem to me that she would want to have further assurance.
>
> So, therefore, I believe her testimony and find it more credible than the testimony of Mr. Vinicio Medrano that she did not seek assurances from him as to the fountain of repayment.

Hr'g Tr. 57:9–58:16, No. 92–07589, (Oct. 26, 1999), Appellant Ex. 18.

A court conducting an appellate review of such a record is at a recognized disadvantage in comparison to the trial judge in examining the evidence and assigning weight to its various parts. The bankruptcy judge had the benefit of direct observation of witnesses' explanations and physical references to exhibits. The bankruptcy judge also had the ability to personally observe the demeanor of witnesses, thereby aiding her in understanding and evaluating the evidence. Thus, this Court's duty not to disturb findings of fact by the bankruptcy court unless clearly erroneous weighs especially heavily in this case.

Bankruptcy Rule 8013 states that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." In the instant case, after considering all of the evidence before her, Judge de Jesús stated that her decision rested on her ascertainment of the credibility of the various witnesses. While remarking that the credibility of both Appellant and Appellee was questionable, she ultimately found that Appellee's case was more plausible. This Court does not have "a definite and firm conviction that a mistake has been made." *See Mitchell,* 141 F.3d at 17. Because Judge de Jesús specifically addressed credibility, this Court, pursuant to Bankruptcy Rule 8013, must defer. *See Anderson,* 470 U.S. at 575, 105 S.Ct. at 1512; *Williams,* 11 F.3d at 278.

## IV. CONCLUSION

The bankruptcy court resolved the credibility issue in favor of Appellee Teresa Vázquez Botet. Therefore, the bankruptcy court's finding that the evidence supports a ruling in favor of Appellee's $46,000.00 claim was not clearly erroneous. Accordingly, the judgment of the bankruptcy court is **AFFIRMED.** The Court hereby **DISMISSES** the above-captioned appeal.

**IT IS SO ORDERED.**